IN RE ADOPTION OF SALISBURY ET AL.

(No. 82AP-223—Decided
September 16, 1982.)

*Mr. Cleve M. Johnson* and *Mr. David Riebel,* for appellants and cross-appellees.

*Ms. Roberta S. Mitchell,* Capital Univ. Law Clinic, *Messrs. Townsend & Newton* and *Mr. Ronald L. Solove,* for appellee and cross-appellant.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas, Probate Division.

The record shows that on November 3, 1975, appellant Glendon Salisbury, who is also the maternal grandfather of Christina Salisbury and Gene Paul Salisbury, filed an affidavit in the Franklin County Court of Common Pleas, Juvenile Division, attempting to have both children declared neglected. The juvenile court assumed jurisdiction of the children on November 26, 1975, pursuant to R. C. 2151.23(A)(6). Subsequently, the court found the children to be neglected and has maintained continuing jurisdiction over them.

The Franklin County Court of Common Pleas, Probate Division, on September 7, 1978 allowed appellants to file a petition for adoption of the children. Adoption proceedings involve a two-step procedure. First, the court conducts a hearing on the issue of placement and parental consent. Second, the court conducts a hearing on the question of the best interests for the child. The court conducted a hearing on November 1, 1978 for placement and parental consent. The court, however, on January 3, 1979, dismissed the original adoption proceedings and granted leave to amend the petition.

Appellants filed the amended petition on January 8, 1979 and another hearing was held February 23, 1979 regarding the refusal of appellee, Jean Gillenwater, to consent to the adoption and placement. Subsequently, on March 30, 1979, the probate court filed a judgment entry placing the children for adoption. Appellee appealed to this court. That appeal was dismissed because it was not a final appealable order.

The probate court on May 9, 1979 conducted a hearing concerning the best interests of the children, which proceeded *ex parte.* The parties stipulated, however, that this proceeding was a nullity as the court did not provide appellee with notice of the hearing. Thereafter, on July 31, 1979, the court entered a "Judgment Entry Nunc Pro Tunc," reinstating the entry of March 30, 1979.

At any rate, on October 15, 1979, the court conducted another hearing on the amended petition for adoption. Appellee filed a motion for leave to submit additional testimony concerning the best

interests of the children, which the court granted. Such additional testimony was presented on February 2, 1981.

The following evidence was presented at the hearing. The juvenile court placed the children in appellants' home when the girl was five-to-six months old and when the boy was two years of age. At that time, they were neglected. In 1977, the juvenile court attempted to reestablish the children with their biological mother, which proved unsuccessful. The court, by an emergency order, returned the children to appellants in July or August 1977 where they have since resided.

Further, the record shows that neither biological parent made any contribution to the support of the children within one year prior to the filing of the original petition for adoption, although both were able to work. The biological mother made a minimal contribution for child support during the period between filing of the original petition on September 8, 1978 and the second hearing on February 23, 1979.

The court, at the February 23, 1979 hearing, orally announced it would dispense with the consent of the biological parents. This decision was reduced to writing and filed July 31, 1979. Nonetheless, on February 18, 1982, more than one year after the last hearing, the court dismissed the amended petition for adoption. Although the court decided that the best interests of the children would be served by having them remain with appellants, it also determined it was unable to dispense with the consent of the biological mother.

Appellants now appeal, including the following assignments of error:

"1. The court below erred in holding on February 18, 1982 that the petition should be dismissed because it had not made a finding of abandonment since it specifically made such a finding in its entries of July 31, 1979 and January 3, 1979.

"2. The lower court erred in dismissing the petition on the grounds that the consent of the natural parents could not be dispensed with since such a finding was both contrary to the prior unmodified orders of the court and contrary to the manifest weight of the evidence.

"3. The lower court's decision 'dismissing' the petitioner's petition on January 3, 1979 was contrary to law since it constituted an impermissible judicial attempt to extend the legislatively mandated abandonment period."

Appellee, Jean Gillenwater, the natural mother, has also filed a cross-notice of appeal, including one cross-assignment of error as follows:

"The Probate Court of Franklin County, Ohio, erred by exercising subject matter jurisdiction in this case because the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch had assumed jurisdiction of the children of this action prior to the filing of appellants' petition for adoption and did not relinquish jurisdiction thereafter."

Appellants' first assignment of error is not well taken. The court found that at no time during the hearings could it make a finding that there had been either failure to support or failure to communicate with the children within the meaning of R.C. 3107.07. Appellants contend that the court did not consider its July 31, 1979 *nunc pro tunc* entry relating back to the judgment of March 30, 1979. The order, however, adjudicated fewer than all claims for relief and, thus, due to its interlocutory nature, was not a final appealable order. Civ. R. 54(B). Thus, it could be altered at any time prior to final entry of judgment. *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378, 379-380 [21 O.O.3d 238].

In the opinion and judgment entry of January 3, 1979, the court dismissed the original petition while granting leave to file an amended petition. Although the court expressed doubts as to whether the consent of appellee was necessary,

because she did not support her children and may not have done so if she was informed of such duty, the court stated the following:

"* * * There is no way for the Court to know in the year preceding the filing of the original petition what the mother might have done had she known of her duty but there is a way for the Court to now know after the mother has been advised of her duty of support with the filing of this petition whether or not she has now recognized that duty of support and is tendering support for the children involved. The Court, therefore, dismisses the original petition, grants leave to the petitioner to file amended petition encompassing the time period from the filing of the original petition to date of the amended petition and the Court will consider the petition on the basis of one year preceding the date of the filing of the amended petition."

Hence, the court did not intend for the January 3, 1979 order to become binding on the issue of parental consent. Thus, the court did not, at the time of the court order, make a finding that the mother knowingly abandoned her children, since it found there was no way to determine at that time that she was aware of her duty to support them.

Therefore, appellants' first assignment of error is overruled.

Appellants' second assignment of error is also not well taken. R.C. 3107.07(A) states:

"A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner * * *."

The record indicates that appellee contributed to the support of the children within one year prior to the filing of the amended petition. Although appellee's contribution was minimal, this court wrote in *In re Adoption of Anthony* (1982), 5 Ohio App. 3d 60, 62-63, that:

"* * * Under the statute which existed before enactment of R.C. 3107.07(A), the requirement was that the non-consenting parent 'properly' support and maintain the child. Former R.C. 3107.06(B)(4). While that modifier was omitted by the General Assembly in enacting R.C. 3107.07(A), there is authority for the proposition that even under the former statute there had to be a complete failure to support and maintain during the then specified two-year period immediately preceding the filing of the petition. * * * Strictly construing the present statute to protect the interests of the non-consenting parent, we conclude that the General Assembly intended that so long as the parent complies with his duty to support the child for any period during the one year immediately preceding the filing of the petition, then he has not failed to provide support as required by law, or judicial decree, for one year. Under those circumstances, the parent will not have abandoned his parental responsibilities to the extent that he will be deemed to have forfeited his parental rights."

Consequently, the evidence supports the court's finding that appellee's consent was required, since the record indicates she made some contribution, although meager, for the support of her children within the pertinent time span established by statute. It is also noteworthy that the requirement of strict construction favors the parent. Moreover, this is an adoption proceeding which involves the actual termination of the parent-child relationship. Therefore, the parents' rights are materially more crucial in an adoption than in a custody action. Further, since the children are not in appellee's custody, their welfare is not actually in jeopardy.

Hence, appellants' second assignment of error is overruled.

As to appellants' third assignment of error, Civ. R. 15(C) provides that an amendment of a complaint relates back to the original complaint. However, Civ. R. 15(C) does not indicate that the rule applies when the original complaint is actually dismissed. This is different from an amended complaint, which is involved in Civ. R. 15(C).

Therefore, appellants' third assignment of error is overruled.

Finally, appellee's cross-assignment of error is also not well taken. Even if the court erroneously assumed jurisdiction, there is no prejudice to appellee shown in this case.

Accordingly, appellee's cross-assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and McCORMAC, J., concur.