## In the Matter of Adoption of Jones
### [Cite as 8 AOA 444]

*Case No. 1894*
*Medina County, (9th)*
*Decided December 12, 1990*

*Stephen B. McIlvaine, 200 Smokerise Dr., Suite 200, P. O. Box 31, Wadsworth, Ohio 44281.*

*Page C. Schrock III, One Park Centre, Suite 104, Wadsworth, Ohio 44281.*

REECE, P.J.

In this appeal we are asked to review the probate court's finding that the consent of the natural father was required in an adoption proceeding pursuant to R.C. 3107.06 and 3107.07(A). We conclude that the trial court misconstrued this statutory framework and remand this case for a reevaluation.

### Facts

On August 2, 1981, Amie Leigh Morris (Amie) was born to Debra Morris (Debra) and William Morris (William). On February 28, 1985, William abandoned Debra and Amie in Wadsworth. Debra was granted a divorce on October 21, 1985 and retained full custody of Amie. On December 20, 1988, William finally came back to Ohio and eventually contacted Debra's attorney through his attorney.

Debra had bean dating Richard Harold Jones (Richard), prior. to William's return. On February 2, 1989, Richard filed a petition to adopt Amie. He and Debra were thereafter married on May 13, 1989 and Amie was incorporated into their home.

In November 1989, an adoption hearing was conducted before the Medina County Court of Common Pleas, Probate Division. William refused to acquiesce to the adoption and Richard was unable to demonstrate to the court's satisfaction that the natural father's consent was not needed. The petition was consequently denied on February 20, 1990. This appeal follows.

### Assignment of Error

"The trial court erred in beginning the calculation of the one year period of lack of communication or support referred to in ORC section 3107.07 on the date appellant first lived in the home of the child to be adopted instead of the date of the filing of the petition for adoption."

The fundamental liberty interest of natural parents in the care, custody and management of their children is not easily extinguished. *Santosky v. Kramer* (1982), 455 U.S. 745, 753-754. Accordingly, adoptions are generally not permissible absent the written consent of both parents. R.C. 3107.06.

The exception to this rule applicable to the case at bar is set forth in R.C. 3107.07, which states:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.***."

The intent of this provision is to foster clarity and certainty in adoption proceedings. *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, 366. Given the constitutional implications, this court is "obliged to strictly construe this language to protect the interests of the non-consenting parent who may be subjected to the forfeiture or abandonment of his or her parental rights." *Id.* See, also, *In re Adoption of Salisbury* (1982), 5 Ohio App. 3d 65, 67. The petitioning party bears the burden of establishing the elements of the exception by clear and convincing evidence. *Holcomb, supra,* paragraph four of the syllabus; *In re Adoption of Masa* (1986), 23 Ohio St. 3d 163, paragraph one of the syllabus.

Because the statute is drafted in the disjunctive, its terms may be satisfied in different specified settings. Consent to the adoption is not necessary upon a parent's failure without justifiable cause for one year to communicate with the child *or* provide support. *In re*

*Adoption of Bovett* (1987), 33 Ohio St. 3d 102, 105.

In either situation, the timing of the requisite year is the same. By the clear terms of R.C. 3107.07(A), this period immediately precedes *either* the filing of the adoption petition *or* the placement of the child in the petitioner's home. Therefore, a petitioner may employ either date when attempting to establish a failure without justifiable cause to communicate *or* provide support.

Although not addressed by William, we must consider R.C. 1.02 which provides that:

"As used in the devised Code, unless the context otherwise requires:

"***.

"(F) 'And' may be read 'or,' and 'or' may be read 'and' if the sense requires it.***"

Obviously, if the third "or" of R.C. 3107.07(A) were replaced with an "and", Richard could not prevail since the probate court explicitly found that William Communicated with and supported Amie within one year of her placement in Richard's home (but not within one year of the filing of the petition).

We have two problems with this approach. Initially, the Ohio Supreme Court has already held that R.C. 1.02(F) does not apply to the first "or" in R.C. 3107.07(A) since the latter provision is plain and unambiguous. *In re Adoption of McDermitt* (1980), 63 Ohio St. 2d 301, 304. Identical reasoning militates against applying R.C. 1.02(F) to the third "or". Secondly, it is that the word significant "either" precedes the third "or" in R.C. 3107.07(A). A clause reading "either the filing of the adoption petition *and* the placement of the minor in the home" would make no sense.

The probate court was apparently troubled with the construction we espouse. Richard had filed his petition well before his marriage to Debra and the placement of Amie in his home. A distinct possibility exists that the adoption proceedings were initiated to prevent William from asserting his parental rights over his child. Sensing a contest, the court refused to employ the date of the petition (Feb. 2, 1989), and insisted instead upon calculating the year from the date of the marriage and Amie's placement in Richard's home (May 13, 1989).

We are unable to find any authority for this approach. Pursuant to legislative decree, words and phrases utilized in Ohio statutes are to be construed "according to the rules of grammar and common usage." R.C. 1.42. Courts may not judicially rewrite legislation under the guise of "statutory construction". *State, ex rel. Myers, v. Chiaramonte* (1976), 46 Ohio St. 2d 230, 238. Regardless of the policy implications, plain and unambiguous language may not be ignored. *Board of Edn. v. Fulton County Budget Comm.* (1975), 41 Ohio St. 2d 147, 156; *Guear v. Stechschulte* (1928), 119 Ohio St. 1, 7. Since the statute contemplates the calculation of the requisite year from either of two dates, the trial court erred in only considering one.

The trial judge specifically found that from April 1985 to the filing of the petition, February 2, 1988, William failed to communicate with and support Amie. The next question is therefore whether "justifiable cause" for this neglect existed. R.C. 3107.07(A). The Ohio Supreme Court declared in *Bovett, supra,* paragraph two of the syllabus, that:

"Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner."

"Justifiable cause" is not a readily-defined term and must be determined from the surrounding circumstances of each particular case. *Holcomb, supra,* at 367. A probate court must examine the entire one-year period and not a portion thereof. *Bovett, supra,* paragraph three of the syllabus.

The probate judge noted that William had established that prior to the filing of the petition, he was an alcoholic with suicidal tendencies. Once on the road to recovery, he secured a job and attempted to contact his ex-wife to arrange visits with and support payments for Amie. He opted to do so through an attorney so as to avoid a sudden, face-to-face confrontation with Debra. The court also found that Debra rebuffed these advances by William, failed to encourage support or visitation, and employed the adoption process largely as a means of severing his parental rights.

Given these circumstances, a probate court could determine that a petitioner had not carried his burden on the question of

"justifiable cause." See, generally, *Holcomb, supra,* at 367-368; *In re Adoption of Foster* (1985), 22 Ohio App. 3d 129, 133-134; *In re Adoption of Hupp* (1982), 9 Ohio App: 3d 128, 131-132. However, the judgment entry does not expressly indicate that this conclusion was reached.

Accordingly, we reverse the probate court and remand for consideration of the "justifiable cause" question. It should be noted that even if the court finds that William's consent to the adoption is not required, a determination of what would be in Amie's best interests is still necessary before parental rights may be terminated. *In re Adoption of Jorgensen* (1986), 33 Ohio App. 3d 207, 209.

#### Conclusion

Richard's assignment of error is granted. The judgment of the probate court is reversed and this petition is remanded for further proceedings consistent with this opinion.

BAIRD, J., and CIRIGLIANO, J., concur.