BROWN et al., Appellants,

v.

McCURDY; Thien, Appellee.

[Cite as *Brown v. McCurdy* (1995), 102 Ohio App.3d 703.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–94–53.

Decided May 3, 1995.

*Daniel E. Shifflet,* for appellants.

*Barn, Piper, Tarkowsky & Fitzgerald Co., L.P.A.,* and *Bruce A. Curry,* for appellee.

---

SHAW, Judge.

Plaintiffs-appellants, Cindy A. Brown, Christopher F. Phillippi, a minor, and Martha J. Phillippi, n.k.a. Moore, appeal from the judgment of the Marion County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Frida Thien.

On October 20, 1990, Cindy and Christopher were passengers in a motor vehicle being operated by Deane A. McCurdy and owned by Frida. While operating the vehicle, Deane was involved in an accident that resulted in injury to Cindy and Christopher. On July 22, 1992, appellants commenced this action against Deane and Frida for injuries sustained in that motor vehicle accident. The complaint alleged, as against Frida, that she owned the motor vehicle operated by Deane and that Deane was operating the vehicle with her consent. In her answer, Frida asserted, *inter alia,* that appellants had failed to state a claim upon which relief could be granted. A cross-claim against Deane was filed by Frida.

Thereafter, on September 3, 1992, Frida filed a motion to dismiss the appellants' complaint against her pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. On September 9, 1992, the trial court granted Frida's motion and dismissed appellants' complaint as against Frida. The applicable statute of limitations lapsed in October 1992.

Subsequently, on December 9, 1992, appellants filed a motion pursuant to Civ.R. 15 for leave of court to file an amended complaint against Deane and Frida, which the trial court granted. In their amended complaint, appellants alleged, as against Frida, that she was negligent in entrusting Deane with the use of her vehicle on October 20, 1990.

Frida then filed a motion to dismiss appellants' amended complaint against her, pursuant to Civ.R. 12(B)(6), alleging that the applicable two-year statute of limitations had run and further, that the "relation back" provision of Civ.R. 15 does not apply when the original complaint against a party has been dismissed. Appellants filed a memorandum contra, which asserted that appellants' counsel was never served a copy of the dismissal entry. Appellants further argued that, pursuant to Civ.R. 15(C), their amended complaint related back to the date of the original complaint. In its entry dated January 29, 1993, the trial court overruled Frida's motion to dismiss the appellants' amended complaint. The trial court did not articulate its reasons for overruling the motion in its entry.

On February 16, 1993, Frida filed a motion for summary judgment. The primary basis of the motion was that there was no evidence of negligent entrustment. Frida further asserted that the appellants had failed to refile their action against her within the applicable two-year statute of limitations and that the "relation back" provisions of Civ.R. 15 were inapplicable. The trial court granted summary judgment in favor of Frida and dismissed appellants' amended complaint against her on the basis that there were no genuine issues of material fact as to whether Frida had negligently entrusted her vehicle to Deane. We note that the trial court granted summary judgment in favor of Frida based upon the merit issues in this case and made no reference to Frida's contentions that the statute of limitations had run and that the "relation back" provision of Civ.R. 15(C) was inapplicable.

Appellants appealed that judgment in an earlier appeal to this court. On appeal, we concluded that reasonable minds could differ concerning whether Frida had negligently entrusted her vehicle to Deane. Accordingly, the judgment of the trial court was reversed and this case was remanded for further proceedings.

Upon remand, Frida filed a second motion to dismiss appellants' amended complaint pursuant to Civ.R. 12(B)(6), or in the alternative, for judgment on the pleadings pursuant to Civ.R. 12(C), arguing essentially the same grounds as in her first motion to dismiss but citing *In re Adoption of Salisbury* (1982), 5 Ohio App.3d 65, 5 OBR 161, 449 N.E.2d 519, as additional authority. In its August 16, 1994 entry granting Frida's second motion to dismiss, the trial court relied on the *Salisbury* case in holding that the "relation-back" provision of Civ.R. 15 does not apply when the original complaint against a party is actually dismissed. The trial

court then concluded that the appellants' claims against Frida were time-barred as not being filed within the applicable statute of limitations.

Appellants now appeal from the trial court's decision granting Frida's motion and dismissing the appellants' amended complaint against her. On appeal, appellants raise four assignments of error. Appellants' third and fourth assignments of error will be discussed together. They provide as follows:

"III. The trial court erred to the prejudice of appellants Cindy A. Brown, Christopher F. Phillippi, a minor, and Martha J. Moore, in granting appellee's second motion to dismiss for the reason that appellee remained a party to this action by virtue of her cross-claim and therefore the statute of limitations do (sic) not apply.

"IV. The trial court erred to the prejudice of appellants Cindy A. Brown, Christopher F. Phillippi, a minor, and Martha J. Moore, in granting appellee's second motion to dismiss for the reason that the claims against appellee did relate back pursuant to Civ.R. 15."

Civ.R. 15(C) governs the relation back of amended pleadings and states, in pertinent part, as follows:

"Whenever the claim * * * asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

■ An Ohio appellate court has held that the relation-back provision of Civ.R. 15(C) does not apply when the original complaint against a party was dismissed. See *In re Adoption of Salisbury, supra.* Although we agree with the foregoing as a general proposition, we find that the circumstances of this case dictate that the amended complaint filed herein does relate back to the date of the original complaint.

In their third assignment of error, appellants raise the issue that this case remained ongoing after the trial court's dismissal of appellants' original complaint against Frida because of Frida's pending cross-claim against Deane. In fact, we note that multiple claims and multiple parties were initially involved in this case. Accordingly, we find that Civ.R. 54(B) is relevant to this appeal. It provides as follows:

"Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Without an express determination that there is "no just reason for delay," an order which adjudicates fewer than all the claims or parties does not terminate the action as to any of the claims or parties and the order is subject to revision. Civ.R. 54(B); *Gen. Acc. Ins. Co. v. Ins. Co. of N.A.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266, 269. Unless the court expressly determines that there is "no just reason for delay," an entry of judgment involving fewer than all of the claims or parties is not final. *Jarrett v. Dayton Osteopathic Hosp., Inc.* (1985), 20 Ohio St.3d 77, 78, 20 OBR 407, 408, 486 N.E.2d 99, 100.

In the trial court's September 9, 1992 order dismissing appellants' original complaint against Frida, there was no express determination that "there was no just reason for delay." Because the trial court's order involved fewer than all of the claims or parties and it did not contain the Civ.R. 54(B) words of "no just reason for delay," it was subject to modification. Civ.R. 54(B); *Jarrett, supra.* Furthermore, it was not a final order. In fact, we find it significant that the trial court expressly allowed appellants to file an amended complaint after having previously granted Frida's motion for dismissal. In essence, by doing so, the trial court vacated its prior order of dismissal under the authority of Civ.R. 54(B). See *Jarrett, supra.*

In light of the foregoing, we therefore hold that the trial court erred in granting Frida's second motion to dismiss appellants' amended complaint against her. The appellants' third and fourth assignments of error are well taken. Having found those assignments of error meritorious, appellants' remaining assignments of error are moot.[1] Accordingly, the judgment of the trial court is

---

1. Appellants' remaining assignments of error assert:

"I. The trial court erred to the prejudice of appellants Cindy A. Brown, Christopher F. Phillippi, a minor, and Martha J. Moore, in granting appellee's second motion to dismiss for the reason that this cause was appealed to the Third District Court of Appeals and the appellee

reversed and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.

---

did not cross-appeal the issue of the statute of limitations nor anything regarding Civ.R. 15, and therefore waived, and/or failed to preserve any such issues.

"II. The trial court erred to the prejudice of appellants Cindy A. Brown, Christopher F. Phillippi, a minor, and Martha J. Moore, in granting appellee's second motion to dismiss for the reason that said appellants were not served the September 9, 1992, journal entry dismissing appellee as to the complaint of appellants, and therefore, could not protect against the statute of limitations if [it does] apply."