OPINION
On September 9, 1991, respondent-appellee, Tammy Combs, gave birth to her third child, Billie Jo Brown. Billie Jo was immediately placed in foster care with appellee's aunt and uncle, petitioners-appellants, George and Frenda Little ("the Littles").
On July 10, 1995, the Littles filed a petition to adopt Billie Jo.[1] The Littles sought to rely on R.C. 3107.07(A) which provides as follows:
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
The probate court held a hearing on March 5, 1997. Frenda Little testified that she and her husband have been caring for Billie Jo and two of appellee's other children, Nicole and Brandi Combs, for several years. Frenda Little testified that appellee visited with Billie Jo and her other two children on six occasions during the one-year period which preceded the filing of the adoption petition. Frenda Little also testified that the duration of each visit was between ninety minutes and two hours and that the visits occurred on Thanksgiving, Christmas, Easter, and on each child's birthday.
Appellee testified that she has visited with her children at least one time per month since 1993. Appellee also testified that she has consistently paid child support since September 1994 and that Billie Jo's name was added to her child support order at her request. A copy of a judgment entry dated October 28, 1994 which added Billie Jo's name to appellee's child support order was admitted into evidence.
The probate court denied the Littles' adoption petition in an order dated March 11, 1997. The probate court found that R.C.3107.07(A) did not obviate the parental consent requirement in this case because the Littles had not shown by clear and convincing evidence that appellee had failed to communicate with or to support Billie Jo for the one-year period which preceded the filing of the adoption petition. The Littles now appeal setting forth the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PETITIONERS/APPELLANTS BY FINDING THE CONSENT OF THE MOTHER WAS REQUIRED FOR AN ADOPTION PLACEMENT.
"[A] party filing a petition for adoption who relies upon R.C.3107.07(A) bears the burden of establishing by clear and convincing evidence that the exception to the consent requirement contained therein has been satisfied." In re Adoption of Sunderhaus (1992), 63 Ohio St.3d 127, 132. See, also, In re Adoption of Masa (1986), 23 Ohio St.3d 163, 165-66. Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 477.
The Littles first argue that appellee's consent to the adoption was unnecessary because appellee failed to communicate with Billie Jo without justifiable cause during the one-year period which preceded the filing of the adoption petition. We disagree. "[F]ailure by a parent to communicate with his or her child is sufficient to authorize adoption without that parent's consent only if there is a complete absence of communication for the statutorily defined one-year period." In re Holcomb (1985),18 Ohio St.3d 361, syllabus; In re Adoption of Jordan (1991),72 Ohio App.3d 638, 643. The record indicates that appellee visited with Billie Jo and her other two children who were living with the Littles on at least six occasions during the one-year period which preceded the filing of the adoption petition. Accordingly, the probate court properly found that the Littles had not shown by clear and convincing evidence that appellee had failed to communicate with Billie Jo for the one-year statutory period set forth in R.C. 3107.07(A).
The Littles also argue that appellee's consent to the adoption was unnecessary because appellee failed to support Billie Jo without justifiable cause during the one-year period which preceded the filing of the adoption petition. Again, we must disagree. The question of whether a natural parent has failed to support his or her child without justifiable cause is a determination for the probate court and will not disturbed on appeal unless such determination is against the manifest weight of the evidence. See In re Adoption of Bovett (1987), 33 Ohio St.3d 102, syllabus. "[A]ny contribution toward child support, no matter how meager, satisfies the maintenance and support requirements of R.C. 3107.07(A)" and thereby preserves the natural parent's consent as a jurisdictional prerequisite to the granting of an adoption petition. Celestino v. Schneider (1992),84 Ohio App.3d 192, 196. See, also, In re Adoption of Anthony (1982), 5 Ohio App.3d 60, 62-63; In re Adoption of Salisbury (1982), 5 Ohio App.3d 65, 67.
Our review of the record indicates that Billie Jo's name was added to appellee's child support order by entry dated October 28, 1994. Appellee thereafter made at least some child support payments between that date and July 10, 1995 when the adoption petition in this case was filed. Therefore, the probate court properly found that the Littles had not shown by clear and convincing evidence that appellee failed to support Billie Jo for the one-year statutory period set forth in R.C. 3107.07(A).
In sum, we hold that the statutory exception to the requirement of parental consent set forth in R.C. 3107.07(A) is inapplicable in this case because the Littles have not shown by clear and convincing evidence that appellee failed to either communicate with or to support Billie Jo during the one-year period which preceded the filing of the adoption petition. The probate court consequently did not err in denying the Littles' petition to adopt Billie Jo since appellee did not consent to the adoption. The Littles' sole assignment of error is overruled and the judgment of the probate court is hereby affirmed.
KOEHLER and WALSH, JJ., concur.
[1] The adoption petition filed by the Littles referred to Billie Joe as Lynett Lynn Little because R.C. 3107.05 requires the petition to include "[t]he name to be used for the person to be adopted[.]"