OPINION
{¶ 1} Appellant, Kelly Denlinger, appeals a decision of the Warren County Court of Common Pleas dismissing his complaint against appellees, the City of Springboro, the Fraternal Order of Police (FOP), and various individuals connected with Springboro and the FOP.
 {¶ 2} Appellant was employed as a police officer with the city of Springboro. His employment was terminated in October 2000. Appellant filed a grievance pursuant to the Collective Bargaining Agreement (CBA) between Springboro and the FOP. The grievance was submitted to arbitration. After hearings on the termination, the arbitrator found that although appellant engaged in "serious wrongdoing," his termination was inappropriate. On August 3, 2001, the arbitrator ordered that the city offer to reinstate appellant, but without back pay. Appellant returned to work on August 27, 2001.
 {¶ 3} Appellant wanted to appeal the arbitration award, but the FOP denied his request. Appellant then filed a complaint in the Warren County Court of Common Pleas on September 5, 2001. The complaint was styled, "Complaint for Mandamus; Notice of Appeal; Application for Modification of Arbitrator's Award." Branch One of the complaint stated that appellant was appealing from the arbitration award, but not from the portion of the award reinstating him. Branch Two of the complaint requested modification of the portion of the arbitrator's award that denied back pay. Branch Three requested a writ of mandamus ordering the FOP to provide appellant with a transcript of the arbitration hearing and other papers for his appeal. Branch Three also requested a writ of mandamus ordering Springboro to provide him with benefits and pay during the nine-month period he was suspended, and from the date of the arbitrator's award until he was returned to work.
 {¶ 4} Appellant was unhappy with the treatment he felt he received after returning to work and in late September 2001, he filed a grievance challenging that treatment. The grievance also included issues covered in his complaint, such as payment of back pay and benefits for the period prior to his return to work.
 {¶ 5} Appellant filed an amended complaint in the trial court on January 15, 2002, adding an individual affiliated with the FOP appellant believed had the arbitration records. Appellant also included a generic "record keeper" in his amended complaint.
 {¶ 6} Both Springboro and the FOP filed various motions to dismiss. Appellant filed a motion for leave to file a second complaint in July 2002. The proposed second amended complaint sought to add claims against Springboro for events related to appellant's return to employment which occurred after appellant was returned to his position as a police officer. In a series of decisions, the trial court eventually dismissed all of appellant's complaints against all of the parties. The trial court also denied appellant's request to file a second amended complaint.
 {¶ 7} Appellant now appeals the dismissal of his action against the FOP, Springboro and the various individuals involved. On appeal, he raises the following two assignments of error for our review:
 {¶ 8} Assignment of Error No. 1:
"The trial court committed prejudicial error as a matter of law when it dismissed, on January 23, 2002, appellant's appeal of the arbitrator's decision erroneously holding that the appeal had not requested modification of the award and that the court had no authority as a matter of law to vacate the award."
 {¶ 9} Assignment of Error No. 2:
"The trial court committed prejudicial error as a matter of law when it overruled appellant's motion for leave to file a second amended complaint and, further, committed prejudicial error by holding [that the] mandamus relief sought was solely to appeal the arbitrator's award."
 {¶ 10} In his first assignment of error, appellant raises several issues related to the trial court's decision to dismiss the portion of his complaint involving appeal of the arbitration award. After briefing on this case was complete, the Ohio Supreme Court decided a case involving the issue of who is the proper party to appeal an arbitration award. Leon v. Boardman Twp.,100 Ohio St.3d 335, 2003-Ohio-6466. The FOP and Springboro submitted this case to the court as additional authority. During oral arguments on this case, the FOP and Springboro asserted thatBoardman controls the resolution of appellant's first assignment of error. Appellant contended for various reasons that the Boardman case is not controlling.
 {¶ 11} In Boardman, the discharge of a patrolman was arbitrated pursuant to the union's request, as provided under the terms of a collective bargaining agreement. Id. at ¶ 1. The issue on appeal involved whether an employee has standing to appeal an arbitration award issued pursuant to a collective bargaining agreement between the employee's union and the employer. Id. at ¶ 6.
 {¶ 12} The court examined the issue, and determined that the crucial question is "whether the collective bargaining agreement gives the aggrieved employee, rather than his or her union, the procedural right to invoke arbitration." Id. at ¶ 10. The court found that "sound labor policy disfavors an individualized right of action because it tends to vitiate the exclusivity of the union representation, disrupt harmony, and in particular, impede the efforts of the employer and union to establish a uniform method for the orderly administration of employee grievances." Id. at ¶ 17.
 {¶ 13} The court then determined that an employee whose employment is governed by a collective bargaining agreement is "generally * * * deemed to have relinquished his or her right to act independently of the union in all matters related to or arising from the contract, except to the limited extent that the agreement explicitly provides to the contrary." Id. Accordingly, the court held that when an employee's grievance is arbitrated between an employer and a union under the terms of a collective bargaining agreement, the employee does not have standing to appeal the arbitration unless the collective bargaining agreement "expressly gives the employee an independent right to submit disputes to arbitration." Id. at ¶ 18. The court examined the language of the collective bargaining agreement at issue and determined that because the employee did not have the right under the terms of the agreement to invoke arbitration, he did not have standing to appeal the award. Id. at ¶ 19.
 {¶ 14} Accordingly, we must now turn to the terms of the CBA between Springboro and the FOP to determine if it gives appellant the right to submit disputes to arbitration in order to determine whether he has standing to appeal the arbitration award.
 {¶ 15} Section 8 of the CBA provides that grievances involving discipline will be processed directly to the arbitration step. In other matters, the CBA provides that the union may file a notice of intent to arbitrate. Once arbitration is requested, the CBA provides that the city and the union "shall by joint letter solicit nominations from the Federal Mediation and Conciliation Service for an arbitrator to hear the case." These provisions provide that the union, not the employee, controls arbitration. Furthermore, nothing in the CBA gives an employee the right to act independently of the union in regards to requesting or controlling arbitration. Because the CBA does not expressly give appellant an independent right to submit disputes to arbitration, he does not have standing to appeal the arbitrator's decision.
 {¶ 16} Appellant contends that Boardman does not control this case for two reasons. He first argues Boardman is inapplicable because language in the CBA gives a broader right to appeal. The language appellant relies on is found at the beginning of the grievance section and states: "nothing in this policy is intended to deny employees any rights by law to have redress to their legal rights, including the right to appeal to the Ohio Civil Rights Commission, the Equal Employment Opportunity Commission, or any court of competent jurisdiction. Disciplinary matters must[,] however[,] be brought pursuant to this Grievance Procedure before any appeal to any court or outside agency." Appellant argues that this language may indicate that arbitration is not binding on the parties.
 {¶ 17} However, appellant's argument ignores explicit language in the CBA which states, "[w]hen issued in accord with the procedures and limitations set forth above, the arbitrator's decision and award shall be final and binding on the parties." Furthermore, this language provides that employees will not be denied any rights to redress that they have at law. As discussed above, absent an express provision in a CBA, an employee does not have a right at law to individually appeal an arbitration award. This broad language is not sufficient to provide such a right. Accordingly, we find no merit to appellant's argument thatBoardman does not apply to the facts of this case based on language in the CBA.
 {¶ 18} Secondly, appellant's counsel argued that this court could not consider the standing argument because issues involving the language initiating the grievance process and which of two collective bargaining agreements apply were not decided and developed broadly enough at the trial court. He stated that none of these issues (those involving the language of the CBA in regards to standing) were developed in the lower court and none were even argued by the other side.
 {¶ 19} First, we begin by taking notice that the issue of standing to appeal was raised and argued by Springboro in its motion to dismiss. Springboro argued that the complaint should be dismissed because the facts were similar to a Ninth District case which held that, based on the express terms of a collective bargaining agreement, an employee did not have standing to appeal an arbitration award. Morrison v. Summit Cty. Sheriff's Dept.
(June 20, 2001), Summit App. No. C.A. 20313. We further note that this decision was cited favorably in Boardman. Leon v.Boardman Twp., 100 Ohio St.3d 335, 2003-Ohio-6466, ¶ 15. Appellant's response to this argument was substantially similar to his argument on appeal involving the language of the CBA, which is discussed above.
 {¶ 20} We find appellant's contention that this issue was not fully developed in the trial court to be disingenuous. The standing issue was raised. The case cited by Springboro discussed the same issue as discussed in Boardman: the language of the collective bargaining agreement regarding control of the arbitration is the controlling factor in determining standing. Through this argument, the trial court had all the necessary information to determine whether appellant had standing to appeal. In fact, the trial court specifically found that appellant "is the real party in interest to the arbitration and * * * has standing to appeal."[1] It does not follow that these arguments were not fully developed simply because the language of the CBA and the reasoning of the trial court were not specifically stated in the trial court's decision.
 {¶ 21} Finally, appellant's argument that no determination was made in the trial court in regards to which of two collective bargaining agreements control is misleading. Neither of the parties dispute the fact that the CBA in effect at the time of appellant's discharge controls. In fact, appellant specifically states that this CBA controls in his response to Springboro's motion to dismiss in the trial court.
 {¶ 22} In conclusion, we find no merit to appellant's arguments that Boardman does not control the resolution of this assignment of error. We find that appellant does not have standing to appeal the arbitration decision based on lack of explicit language in the CBA giving appellant a specific right to appeal the arbitration. Therefore, we find it is not necessary to discuss the merits of appellant's appeal as raised in his first assignment of error. Appellant's first assignment of error is overruled.
 {¶ 23} In his second assignment of error, appellant raises two separate issues for our determination. First, he contends that the trial court erred in denying his request to file a second amended complaint.
 {¶ 24} Pursuant to Civ.R. 15(A), a party may amend his complaint a second time only by leave of the court or written consent of the adverse party. Leave to file an amended complaint "shall be freely given when justice so requires." Civ.R. 15(A). An amended complaint is designed to include matters occurring before the filing of the complaint, but either overlooked or not known at the time. Mork v. Waltco Truck Equip. (1990),70 Ohio App.3d 458, 461. A supplemental complaint, however, is designed to cover transactions, occurrences or events occurring after the filing of the original complaint, but which pertain to the original cause. Calex Corp. v. United Steelworkers of America
(2000), 137 Ohio App.3d 74, 78. "A supplemental pleading merely adds to or continues the original complaint." Id. The staff notes to Civ.R. 15(E) explain that the purpose of allowing supplementation of a complaint is to enable the pleader to include new facts occurring since the filing of the complaint that will modify or change the amount or nature of the relief.
 {¶ 25} Because the decision to grant or deny a motion to supplement is discretionary with the trial court, this court may only reverse the lower court's decision if it amounts to an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 26} In this case, appellant's request was to supplement his complaint to add causes of action for events occurring after his return to work. There is no merit to appellant's supplemental complaint because any issues involving his employment were required to first be submitted pursuant to a grievance as stated in the CBA, before any appeal to the trial court. Furthermore, these issues were, in fact, submitted to the employer pursuant to a grievance.
 {¶ 27} Appellant argues that the supplemental complaint sought to add causes of action which were not actionable under the CBA and its grievance procedure, such as intentional affliction of emotional distress. His original complaint, however, focused on the arbitrator's decision that he should be suspended without pay, not terminated. These are new and different causes of action, not a continuation of the original complaint. See Mork, 70 Ohio App.3d at 461; Calex Corp.,137 Ohio App.3d at 78.
 {¶ 28} Accordingly, we can not say that the trial court abused its discretion in denying appellant's request to supplement his complaint.
 {¶ 29} In the second issue raised by appellant in this assignment of error, he contends that the trial court erred by dismissing the mandamus portion of his complaint and finding that the mandamus request was solely to appeal the arbitration award. After reviewing the claims made by appellant in his complaint, we find that many of his mandamus requests were, in fact, an attempt to modify the arbitration award. For example, he requests mandamus to compel the city to pay him for the approximately nine months he was terminated. However, the arbitrator converted this time into a suspension without pay in the arbitration order. Any request for pay during this period is in essence, a request to modify the arbitrator's decision on this issue.
 {¶ 30} To the extent that appellant raises any requests for mandamus that are outside of the arbitrator's decision, because they are related to appellant's employment with Springboro, which is covered under the CBA, these issues are properly brought pursuant to a grievance filed with the employer. State ex rel.Walker v. Lancaster City School Dist. Bd. of Edn. (1997),79 Ohio St.3d 216, 218, 1997-Ohio-396; State ex rel. Johnson v.Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn. (1995),73 Ohio St.3d 189, 192. In fact, appellant filed a grievance with the employer that covered the issues raised in his claims for mandamus. Therefore, we find that the trial court did not err in dismissing the portion of appellant's complaint that requested mandamus.
 {¶ 31} As a final matter, we must address a motion for sanctions filed with this court by the FOP. The FOP's motion requests this court to grant sanctions pursuant to the specific provisions of Civ.R. 11 and R.C. 2323.51 based on appellant's frivolous action in filing the initial complaint in the trial court. Because this court is without authority to address sanctions under these provisions related to the filing of a complaint, the FOP's motion is denied.
 {¶ 32} The judgment is affirmed.
Judgment affirmed.
Young, P.J., and Powell, J., concur.
[1]The trial court did not have the benefit of the Boardman
opinion at the time of its decision.