[Cite as *In re Adoption of B.B.*, 2023-Ohio-4134.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re Adoption of B.B.                      Court of Appeals No.  L-23-1078

                                            Trial Court No.  2022 ADP 000126

                                            **DECISION AND JUDGMENT**

                                            Decided:  November 14, 2023

* * * * *

Stephen M. Szuch, for appellants

Mark Davis, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an expedited appeal from a judgment by the Lucas County Court of
Common Pleas, Probate Division, which determined appellee's written consent was
required to appellant-stepfather's petition for adoption of the minor child, B.B., and
dismissed the petition.  For the reasons set forth below, this court reverses and remands
the judgment of the probate court.

## I. Background

{¶ 2} The following facts and timeline are relevant to this appeal. Appellant-mother, N.B., and appellee-father, W.M., who never married each other, are the natural parents of B.B., a minor. Appellant-petitioner, S.B., is married to N.B. and is the stepfather of B.B.

{¶ 3} Since June 18, 2018, the Lucas County Juvenile Court ordered appellee to pay child support for B.B., and since May 24, 2019, the juvenile court designated appellant-mother the residential parent and legal custodian of B.B. and awarded appellee parenting time.

{¶ 4} On July 18, 2020, appellant-petitioner married appellant-mother.

{¶ 5} Effective on September 17, 2020, the Lucas County Juvenile Court issued a no-contact order against appellee and in favor of B.B. The juvenile court's journalized order states, "Once father has engaged in [substance use and/or mental health] counseling services and completed no less than 50% of the batterer's intervention program, he may petition the court to reinstate his parenting time to begin SUPERVISED at the CRC." (Emphasis sic.)

{¶ 6} On September 26, 2022, appellee's payroll deducted the first child support payment for B.B. since May 18, 2021. Other child support payroll deductions during this period were for another minor child with another mother, neither of whom are parties to this appeal.

2.

{¶ 7} On September 27, 2022, appellant-petitioner filed a petition to adopt B.B. Appellant-mother filed her written consent to the adoption that day. Using the probate court's form for a petition for adoption of a minor pursuant to R.C. 3107.05, appellant-petitioner checked-off the boxes that appellee's consent was not required for two reasons: (1) "The parent has failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner"; and (2) "The parent has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner." The petition also states B.B. "is living in the home of the petitioner, and was placed therein for adoption on the 18th day of July, 2020, by [appellant-mother] (married 7/18/20; cohabitated since Nov. 2016)."

{¶ 8} Appellee, acting pro se,[1] opposed the adoption petition on October 11, 2022.

{¶ 9} On February 6, 2023, appellee filed a motion for Civ.R. 11 sanctions against appellant-petitioner for filing the adoption petition in bad faith for two reasons. Appellee argued appellee had justifiable cause for not contacting B.B. the year preceding the adoption petition due to the juvenile court's no-contact order against appellee. Appellee

---

[1] Appellee was subsequently represented by counsel for the remainder of the proceedings.

further argued he made a child support payment for B.B. the day prior to the adoption petition.

{¶ 10} On February 7, 2023, the probate court held a contested-consent hearing on the preliminary issue of the necessity for appellee's written consent to the adoption petition. The probate court heard testimony from four witnesses and admitted 11 exhibits into evidence.

{¶ 11} On March 6, 2023, the probate court dismissed appellant-petitioner's adoption petition because it found appellee's written consent to the adoption of B.B. was necessary pursuant to R.C. 3107.07(A). The probate court stated two reasons for its determination that appellant-petitioner failed to provide clear and convincing evidence that appellee's consent was not required. First, citing *In re Adoption of A.K.*, 168 Ohio St.3d 225, 2022-Ohio-350, 198 N.E.3d 47, the probate court determined that, "Lucas County Juvenile Court's no-contact order was clearly in effect during the entire one-year period. Petitioner's argument that the birth parent could have and should have taken certain actions to request a removal of the court order is not persuasive. The fact is that the order was in effect and the birth father complied with the order." Second, citing *In re Adoption of Sunderhaus*, 63 Ohio St.3d 127, 132, 585 N.E.2d 418 (1992), the probate court determined that, "the evidence shows that the birth father provided support through his employment prior to the expiration of the one-year period. The fact that this support did not reach its destination prior to the statutory time period was beyond his control.

4.

Although a technical argument can be made that compliance with the statute requires the support to arrive at its destination prior to the expiration of the statutory time limit, this argument is not sufficient for a probate court to order a total termination of parental rights." The probate court also denied appellee's motion for Civ.R. 11 sanctions.

{¶ 12} Appellant-petitioner and appellant-mother timely appealed with two assignments of error:

> 1. The lower court erred in finding Father had justifiable cause for failing to maintain more than de minimis contact with B.B.

> 2. The lower court erred in finding that Father provided for the maintenance and support of the minor child during the one year immediately preceding the filing of the adoption proceeding.

## II. Whether R.C. 3107.07(A) Requires Appellee's Written Consent

{¶ 13} Both assignments of error challenge the trial court's decision that appellee's written consent was required pursuant to R.C. 3107.07(A). We will address the assignments of error together.

{¶ 14} R.C. 3107.06(B) requires appellee's written consent to the adoption of B.B. unless consent is not required under R.C. 3107.07. *In re Adoption of H.P.*, Slip Opinion No. 2022-Ohio-4369, ¶ 20. Where a party is invoking the parental-consent requirement exception, that party carries the burden of establishing the exception by clear and convincing evidence. *Id.* "The statute is not framed in terms of avoidance, but is drafted

5.

to require petitioner to establish each of his allegations[.]" *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). Clear and convincing evidence is proof that produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Id.* at 368, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 15} In turn, R.C. 3107.07(A) states,

> Consent to adoption is not required of any of the following: (A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶ 16} We find the language of R.C. 3107.07(A) is clear and unambiguous and must be applied as written to give effect to its plain meaning. *In re Crandall*, 1st Dist. Hamilton No. C-060770, 2007-Ohio-855, ¶ 10; *In re Adoption of A.C.B.*, 159 Ohio St.3d 256, 2020-Ohio-629, 150 N.E.3d 82, ¶ 7; *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 19-20.

6.

**{¶ 17}** There are separate, relevant one-year periods invoked by R.C. 3107.07(A): (1) preceding the filing of the adoption petition or (2) preceding the placement of the minor in the home of the petitioner. "Thus, a parent's consent is not required when the parent has failed without justifiable cause to provide more than de minimis contact *or* maintenance and support during the relevant one-year period." (Emphasis sic.) *In re Petition for Adoption of Z.H.*, 2022-Ohio-3926, 199 N.E.3d 1092, ¶ 22 (6th Dist.), citing *In re Adoption of A.K.*, 168 Ohio St.3d 225, 2022-Ohio-350, 198 N.E.3d 47, at ¶ 17.

**{¶ 18}** The disjunctive relationship of the contact and support provisions, coupled with the additional disjunctive relationship of the preceding one-year statutory periods measured from the adoption petition or the child's placement with the petitioner, mean that a parent's failure to meet any one of the four provisions is sufficient to nullify the need to obtain that parent's consent. *Adoption of A.K.* at ¶ 17 ("the General Assembly intended to make the provisions of equal importance because each provision is subject to the same evidentiary standard").

> We recognize that this reading of the statute can lead to a harsh result. Once a parent has failed to provide communication or support during the first year-long period, no amount of support or communication during the year preceding the petition can ameliorate the effect of the statute. By statute, parental consent to adoption would not be required. But the harsh

7.

result of the statute is for the legislature to address; we apply the law as it is written.

*In re Crandall* at ¶ 10 (construing former R.C. 3107.07(A)).

{¶ 19} The issues regarding failure of de minimis contact, failure of support and maintenance, the petition date, the year preceding the petition, the date the child was placed with the petitioner, the year preceding the child's placement with the petitioner, and the existence of justifiable cause are questions of fact for the probate court. *See In re Adoption of Holcomb*, 18 Ohio St.3d at 368, 481 N.E.2d 613. We review for an abuse of discretion the probate court's determinations of these facts and decision regarding whether a financial contribution from a parent constitutes maintenance and support for purposes of R.C. 3107.07(A). *In re Adoption of M.B.* at ¶ 25. Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 20} In this matter, the probate court determined as facts that appellee's payroll deduction for B.B.'s support was processed on September 26, 2022, and appellant-petitioner filed the adoption petition on September 27, 2022. The probate court then decided, "the evidence shows that the birth father provided support through his employment prior to the expiration of the one-year period. The fact that this support did

8.

not reach its destination prior to the statutory time period was beyond his control." However, the probate court failed to analyze the separate one-year periods under R.C. 3107.07(A), which are recited in the probate court's own petition form, with respect to that September 26, 2022 child support payment. For example, there is unrefuted testimony in the record that B.B. was placed in appellant-petitioner's home as early as November 2016, or as late as July 18, 2020. Given the foregoing, we find it unlikely the probate court could determine that the September 26, 2022 support payment satisfied the one-year period preceding the child's placement with the petitioner under R.C. 3107.07(A).

{¶ 21} The same abuse of discretion standard of review applies to a probate court decision regarding the factual question of whether de minimis contact by a parent has occurred for purposes of R.C. 3107.07(A). *In re Adoption of A.W.*, 6th Dist. Huron No. H-22-007, 2022-Ohio-3360, ¶ 13. The probate court determined as facts that the juvenile court's no-contact order against appellee in favor of B.B. was in effect since September 17, 2020, and was justifiable cause under R.C. 3107.07(A). Again, the probate court failed to analyze the separate one-year periods under R.C. 3107.07(A), which are recited in the probate court's own petition form, when it stated, "Lucas County Juvenile Court's no-contact order was clearly in effect during the entire one-year period." Given the evidence in the record of the possible dates B.B. was placed in appellant-petitioner's home, we find it unlikely the probate court could determine that the juvenile

9.

court's September 17, 2020 no-contact order was in effect during the preceding one-year period of B.B.'s placement date.

**{¶ 22}** Despite the foregoing failures, the probate court decided that by clear and convincing evidence, appellee's written consent to B.B.'s adoption by appellant-petitioner was necessary pursuant to R.C. 3107.07(A). "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." (Citations omitted.) *In re Adoption of Holcomb*, 18 Ohio St.3d at 368, 481 N.E.2d 613.

**{¶ 23}** We cannot say the evidence in the record supports the probate court's decision by clear and convincing evidence. We find the probate court abused its discretion when it failed to address the contact and support factors under R.C. 3107.07(A) measured from the placement of B.B. in the home of appellant-petitioner. "Since the statute contemplates the calculation of the requisite year from either of two dates, the trial court erred in considering only one." *In re Adoption of Jones*, 70 Ohio App.3d 576, 579, 591 N.E.2d 823 (9th Dist.1990).

**{¶ 24}** The probate court's decision is silent on the question of fact of B.B.'s date of placement in appellant-petitioner's home. "It is conceded that determination of 'placement' is crucial to an adoption proceeding pursuant to R.C. 3107.07(A)." *In the*

10.

*Matter Adoption of Kraft*, 6th Dist. Lucas No. L-84-442, 1985 WL 7138, *3 (May 31, 1985). "'In making a determination as to whether a placement occurred, a court should consider, among other factors, whether the child was placed in the home by a third-party agency, the welfare department, or by court order; whether the child was placed in the home by a private action; whether the marrying parent had legal custody of the child; and the intent of the parties.'" *Id.*, quoting *In re Adoption of Kreyche*, 15 Ohio St.3d 159, 162, 472 N.E.2d 1106 (1984).

{¶ 25} Upon review, we find that appellant-petitioner's and appellant-mother's first and second assignments of error are well-taken, and this matter is remanded to the probate court to make additional findings of fact regarding all of the contact and support factors under R.C. 3107.07(A), which are recited in the probate court's own petition form, prior to determining whether appellee's written consent to B.B.'s adoption by appellant-petitioner is necessary.

### III. Cross-Motions for Sanctions

{¶ 26} Appellee filed with the probate court a motion for Civ.R. 11 sanctions against appellant-petitioner alleging the petitioner intentionally misled the court with the reasons for not requiring his written consent to B.B's adoption. Following the contested-consent hearing, the probate court denied appellee's motion. Appellee does not appeal the probate court's decision.

11.

**{¶ 27}** Rather, on September 19, 2023, appellee filed in this court an original motion for sanctions against appellant-petitioner alleging attempts "to taint the adoption proceedings with allegations of domestic violence that he knew to be false." Appellee does not identify the legal basis for his motion. Nevertheless, where appellee's motion relies exclusively on appellant-petitioner's conduct through references to the transcript of proceedings in the probate court, we lack authority to address the motion for sanctions for conduct solely occurring during probate court proceedings, and appellee's motion is denied. *In re Guardianship of Wernick*, 10th Dist. Franklin No. 06AP-263, 2006-Ohio-5950, ¶ 8, citing *State ex rel. Denlinger v. Douthwaite*, 12th Dist. Warren No. CA2003-04-054, 2004-Ohio-2069, ¶ 31.

**{¶ 28}** Further, even if appellee's motion for sanctions was based upon this appeal by appellant-petitioner, appellant-petitioner's assignments of error on appeal presented reasonable questions for review, and the appeal is not frivolous for purposes of App.R. 23. *Kelley v. Kelley*, 6th Dist. Wood No. WD-20-010, 2020-Ohio-6778, ¶ 41. Appellee's motion for sanctions is denied. App.R. 23.

**{¶ 29}** Appellant-petitioner opposed appellee's motion and filed a cross-motion for sanctions, pursuant to R.C. 2323.51, for appellee's motion for sanctions. Although appellee's motion for sanctions was unsuccessful, we decline to find it was "frivolous" under R.C. 2323.51. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-

12.

4915, 45 N.E.3d 987, ¶ 15 (frivolous conduct "must involve egregious conduct").

Appellant-petitioner's cross-motion for sanctions is hereby denied.

### IV. Conclusion

{¶ 30} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Probate Division, is reversed and remanded for further proceedings consistent with this decision: to make additional findings of fact regarding all of the contact and support factors under R.C. 3107.07(A), which are recited in the probate court's own petition form, prior to determining whether appellee's written consent to B.B.'s adoption by appellant-petitioner is necessary. The cross-motions for sanctions by appellee and appellant-petition are denied. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.