[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 540.]

JOHNSON ET AL., APPELLANTS, *v.* RHODES ET AL., APPELLEES.

[Cite as *Johnson v. Rhodes*, 2000-Ohio-235.]

*Statutes of limitations—Limitations period provided in R.C. 2305.10 is tolled when an individual temporarily leaves the state of Ohio for non-business reasons.*

(Nos. 99-1652 and 99-1962—Submitted May 10, 2000—Decided September 6, 2000.)

APPEAL from and CERTIFIED by the Court of Appeals for Washington County, No. 98A000026.

———————————

{¶ 1} The facts are not in dispute. On May 5, 1995, plaintiff Kristofer B. Johnson was involved in a motor vehicle accident with defendant Carla J. Rhodes in Washington County, Ohio.

{¶ 2} On May 7, 1997, two days beyond the period of limitations provided in R.C. 2305.10, plaintiffs, Kristofer and Diane Johnson, filed a complaint against defendants, Carla and Harold Rhodes, in the Court of Common Pleas of Washington County, seeking damages for personal injuries resulting from the accident. Defendants filed their answer to plaintiffs' complaint, asserting the affirmative defense that plaintiffs' claims are barred by the applicable period of limitations.

{¶ 3} In the course of discovery, it was determined that defendants had been absent from the state of Ohio for a ten-day vacation in Kentucky during the two years from date of the accident to the filing of the complaint. It was also established that defendant, Harold Rhodes, during that same period, traveled to Pittsburgh, Pennsylvania, for one day in order to receive an evaluation for a kidney transplant.

**{¶ 4}** Defendants moved for summary judgment, claiming that plaintiffs' claims were barred by the two-year period of limitations provided in R.C. 2305.10. Plaintiffs filed an answer to the summary judgment motion filed by defendants, asserting that the period of limitations applicable to their claims was tolled during the period of time in which defendants were absent from the state of Ohio for non-business reasons. The trial court granted defendants' motion for summary judgment, finding that the tolling provision provided in R.C. 2305.15 is unconstitutional as it unduly infringes upon the constitutionally protected right to interstate travel.

**{¶ 5}** The court of appeals affirmed the decision of the trial court. However, the decision of the court of appeals rests upon the position that R.C. 2305.15 imposes an impermissible burden on interstate commerce. Finding its judgment in conflict with the decisions of the Second District and Ninth District Courts of Appeals, the court of appeals entered an order certifying a conflict. The cause is before this court upon our determination that a conflict exists.

**{¶ 6}** The cause is also before this court upon the allowance of a discretionary appeal.

_____

*Eslocker, Hodson & Oremus Co., L.P.A.*, and *Frederick L. Oremus*, for appellants.

*Theisen, Brock, Frye, Erb & Leeper Co., L.P.A.*, *John E. Erb* and *Abe Sellers*, for appellees.

_____

**MOYER, C.J.**

**{¶ 7}** This appeal presents two issues for our consideration. First, we must determine whether the period of limitations provided in R.C. 2305.10 is tolled when an individual temporarily leaves the state of Ohio for non-business reasons. In addition, we must determine if the application of R.C. 2305.15 against such an

individual is unconstitutional for the reason that it constitutes an impermissible burden on interstate commerce under the holding of the United States Supreme Court in *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.* (1988), 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896.

{¶ 8} R.C. 2305.15(A) provides:

"When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in [section 2305.10] does not begin to run until he comes into the state or while he is so absconded or so concealed. *After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought.*" (Emphasis added.)

{¶ 9} In *Wetzel v. Weyant* (1975), 41 Ohio St.2d 135, 70 O.O.2d 227, 323 N.E.2d 711, this court determined that the period of limitations provided in R.C. 2305.10 is tolled by the application of R.C. 2305.15 when an individual temporarily leaves the state, and such period of absence is not computed as any part of the period within which a suit must be brought. We are not persuaded to change the law announced in *Wetzel*. R.C. 2305.15 has remained virtually unchanged since at least 1947. *Wetzel* at 137, 70 O.O.2d at 228, 323 N.E.2d at 712. The plain language of this section of the Revised Code provides that when a person "departs from the state * * *, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought." The General Assembly has the authority to adopt statutes of limitations for the commencement of causes of action. Unless a statute is unconstitutional, we have no authority to change the plain meaning of the statute. Therefore, we conclude that the limitations period provided in R.C. 2305.10 is tolled when an individual temporarily leaves the state of Ohio for non-business reasons.

{¶ 10} Defendants argue that the holding of the United States Supreme Court in *Bendix, supra*, renders R.C. 2305.15 unconstitutional as construed by this court in *Weyant*. In *Bendix*, the United States Supreme Court ruled R.C. 2305.15 unconstitutional as it was applied against an out-of-state corporation that did not have an agent designated for service of process within the state of Ohio. In *Bendix*, it was asserted that R.C. 2305.15 should be construed to extend the period of limitations against an out-of-state corporation perpetually, unless the corporation designates an agent for service of process within the state of Ohio. The Supreme Court, however, held that such an application of R.C. 2305.15 would impose an impermissible burden on interstate commerce. *Id*., 486 U.S. at 894, 108 S.Ct. at 2222, 100 L.Ed.2d at 904.

{¶ 11} Defendants argue that the Supreme Court's ruling in *Bendix* should be applied to plaintiffs' claims against them. However, the court's ruling in *Bendix* was limited to the facts of the case. In writing for the majority, Justice Kennedy states, "[I]n the particular case before us, the Ohio tolling statute must fall under the Commerce Clause. Ohio cannot justify its statute as a means of protecting its residents from corporations who become liable for acts done within the State, but later withdraw from the jurisdiction * * *." *Id.* This language indicates that the decision of the court in *Bendix* operates to preclude the application of R.C. 2305.15 against out-of-state corporations that have not appointed an agent for service of process in the state of Ohio. However, the decision stops far short of declaring R.C. 2305.15 unconstitutional in any other application.

{¶ 12} In *Bendix*, the court noted that application of R.C. 2305.15 to an out-of-state corporation without an agent designated for service of process within the state of Ohio would subject the corporation to perpetual liability in lawsuits arising from their actions in the state of Ohio. This would impose "a greater burden on out-of-state companies than it does on Ohio companies" in violation of the Commerce Clause. *Id.* at 893-894, 108 S.Ct. at 2221-2222, 100 L.Ed.2d at 903-

4

904. However, the application of R.C. 2305.15 to individuals, such as defendants, who temporarily leave the state of Ohio for non-business reasons, imposes no such impermissible burden. For this reason, we hold that the application of R.C. 2305.15 against an individual, who temporarily leaves the state of Ohio for non-business reasons, does not constitute an impermissible burden on interstate commerce.

{¶ 13} Defendants concede that they left the state of Ohio for a period of ten days to vacation in Kentucky. Plaintiffs filed their claims two days beyond the period of limitations provided in R.C. 2305.10. Therefore, plaintiffs' claims were timely filed pursuant to the tolling provision provided in R.C. 2305.15.

{¶ 14} For all of the foregoing reasons, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for proceedings consistent with the opinion of this court.

*Judgment reversed*
*and cause remanded.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment.

———————————

**COOK, J., concurring in judgment.**

{¶ 15} I agree with the judgment of the majority that the tolling statute is constitutional as applied here. But I do not join the majority in holding that "the limitations period provided in R.C. 2305.10 is tolled when an individual *temporarily* leaves the state of Ohio *for non-business reasons.*" (Emphasis added.)

{¶ 16} The qualifying word "temporarily" does not appear in R.C. 2305.15. Though our *Wetzel* syllabus provided that R.C. 2305.15 tolls the limitations period where a defendant "temporarily leaves the state" after a cause of action accrues, this was only to underscore our affirmance of the court of appeals' view that the tolling statute "does not provide an exception for temporary absences." *Wetzel v.*

*Weyant* (1975), 41 Ohio St.2d 135, 136, 70 O.O.2d 227, 228, 323 N.E.2d 711, 712. R.C. 2305.15 does not distinguish between "types" of absences, and continued use of the qualifying word "temporarily" could be read to *limit* the application of the tolling statute. And the majority fails to analyze the parameters of that limitation, if such a limitation indeed exists.

**{¶ 17}** The majority also adds the qualifying phrase, "for non-business reasons." Like the word "temporarily," this phrase does not appear in R.C. 2305.15. It would seem that the majority employs this phrase in an effort to meet *Bendix*, where the United States Supreme Court found the tolling statute unconstitutional as applied to a foreign corporation. *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.* (1988), 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896. I agree with the majority's conclusion that the application of the tolling statute against the individual defendants here would not conflict with the *Bendix* holding. But are the *goals* of the out-of-state defendant the decisive factor, as the majority's qualifying phrase suggests? The *Bendix* majority merely determined, after all, that the "impermissible burden" test could invalidate tolling statutes as applied to "out-of-state *persons* * * * *engaged in commerce*." (Emphasis added.) *Id.*, 486 U.S. at 893, 108 S.Ct. at 2222, 100 L.Ed.2d at 903. If the *goals* of the defendant who leaves the state are indeed relevant, the majority fails to explain how or why.

_____