Plaintiffs-appellants Carol and George Hall appeal from an order of the trial court dismissing their personal injury action against defendant-appellee Casey Scarbro on statute of limitations grounds. Under the circumstances, we reverse and remand for further proceedings.
The Halls filed their complaint in the trial court on August 10, 1999. They alleged that, more than two years earlier, [o]n or about June 16, 1997, they were involved in an automobile collision with Scarbro on Interstate 480 in Cuyahoga County, Ohio. Carol was driving their vehicle, George was the passenger, and both received personal injuries as a result of Scarbro's negligence. The summons and complaint was sent by certified mail to a residence in Cleveland and signed for on August 20, 1999 by Gary Scarbro. Casey Scarbro filed an answer denying the allegations of the complaint and raised various affirmative defenses, including the R.C. 2305.10 two-year personal injury statute of limitations.
Approximately three weeks later, on September 22, 1999, Scarbro filed a four-sentence motion to dismiss the Halls' complaint as untimely filed. Before the deadline for responding to the motion to dismiss, the parties filed two agreed stipulations for extension of time to respond. The trial court granted each extension, but inexplicably granted Scarbro's motion to dismiss before the second extension expired. The Halls immediately filed a Civ.R. 60(B) motion for relief from judgment, which the trial court granted following an evidentiary hearing. The court reinstated the case to its active docket and scheduled a deadline for the Halls to respond to Scarbro's pending motion to dismiss.
Scarbro thereafter filed a renewed motion to dismiss and the Halls filed their brief in opposition before the court-ordered deadline. The parties' briefs argued whether the two-year personal injury statute of limitations may have been tolled in the case at bar by R.C. 2305.15(A). R.C. 2305.15(A) provides as follows:
 Tolling of limitation period during defendant's absence, concealment or imprisonment.
 (A) When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.
Scarbro's three-paragraph brief argued that any period for which he might have been absent out-of-state during the period between the accident and the filing of the case at bar should not toll the two-year limitations period because such absences did not impair the Halls' opportunity to file a timely action. In support, Scarbro cites Permanent General Ins. Cos. v. Dressler (1998), 130 Ohio App.3d 628.
The Halls' five-page brief in opposition to Scarbro's motion to dismiss was supported by an affidavit. It argued that Permanent Generalhad been incorrectly decided and requested the trial court follow contrary authority in Lovejoy v. Macek (1997), 122 Ohio App.3d 558, which held that even temporary out-of-state personal absences, such as vacations, are sufficient to toll the limitations period. The brief also stated that the Halls had been seeking to depose Scarbro during the extensions of time to oppose the motion to dismiss. It argued that Scarbro had not submitted to the deposition and that comments by his counsel could be construed to indicate that he has removed himself from the jurisdiction, absconded, or concealed himself.
The affidavit by counsel for the Halls in support of the brief stated in pertinent part as follows:
 2. That Affiant has been attempting for several weeks to schedule the deposition of the Defendant Casey Scarbro but Defendant's counsel, Brian Kerns, has indicated as recently as November 12, 1999, that he has been unable to locate Mr. Scarbro, that correspondence to Mr. Scarbro has not been answered and that a deposition cannot be scheduled because of this fact.
The trial court subsequently conducted a case management conference and, inter alia, established a discovery deadline of July 3, 2000. Approximately one week later, on March 3, 2000, four months before the expiration of its discovery deadline, the trial court granted Scarbro's motion to dismiss despite the absence of any discovery on this central issue.
The Halls appeal, raising the following sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT DISMISSED THE PLAINTIFFS'/APPELLANTS' COMPLAINT THUS DEPRIVING APPELLANTS OF THEIR RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION AND CIVIL RULE 56(F).
This assignment is well taken.
The Halls argue that the trial court improperly dismissed their complaint against Scarbro because the limitations period may be tolled by out-of-state absences pursuant to R.C. 2305.15(A) and because relevant discovery concerning the proper application of this provision remained outstanding in the case at bar. Under the circumstances, we agree.
During the course of this appeal, the Ohio Supreme Court resolved the conflict between the two lines of authority concerning the tolling of the statute of limitations because of out-of-state absences by a defendant. Johnson v. Rhodes (2000), 89 Ohio St.3d 540 . The Court recognized that the statute of limitations may be tolled when an individual temporarily leaves the state for non-business reasons between the time of the tort and the filing of the complaint. Id. at 541. The Court found that such tolling did not violate the Commerce Clause of the United States Constitution. Id. at 543. As a result, the Johnson Court found the limitations period was tolled because the two defendants took a ten-day vacation together in Kentucky and one of the defendants was also in Pennsylvania for a one-day medical evaluation during the relevant period.
The Halls assert a similar claim that Scarbro was absent to toll the limitations period in the case at bar, but have been unable to complete discovery. Under the circumstances, the trial court erred by finding their claims barred by the statute of limitations and dismissing their complaint, despite notice that Scarbro did not submit to discovery and without any evidence concerning this tolling issue.
Even before Johnson, this court addressed this issue under similar circumstances in Laidley v. St. Luke's Medical Center (June 3, 1999), Cuyahoga App. No. 73553, unreported. In Laidley, a defendant physician filed a motion for summary judgment on statute of limitations grounds. The record showed that the complaint was filed after the medical malpractice statute of limitations period. The plaintiff sought to invoke the R.C. 2305.15 tolling provision to defeat the motion for summary judgment, but had been unable to complete discovery.
As in the case at bar, the trial court in Laidley found the claims to be barred by the statute of limitations despite the absence of discovery. This court reversed the trial court stating in part as follows:
 We find it unreasonable for a trial court to require a party opposing a motion to produce rebuttal evidence and at the same time to deny that party the opportunity to discover that evidence.
Id. at 8. We believe that the same principles apply in the case at bar.
Scarbro cited Permanent General in support of his argument that the Halls' claims were barred. However, in light of the Supreme Court's subsequent contrary holding in Johnson, such claim is no longer tenable. Moreover, even if Johnson had not taken a contrary position, Permanent General is distinguishable from the case at bar precisely because the parties in Permanent General had completed discovery concerning application of the tolling provision.
The Halls cited the correct legal principles to the trial court, made efforts to conduct relevant discovery, and indicated that opposing counsel's statements provided some basis to conclude that the statute of limitations should be tolled in the case at bar. Scarbro's motion to dismiss did not assert, under oath or otherwise, that he had been in Ohio for the entire period between the automobile accident and the Halls' filing of their complaint. Under the circumstances, the Halls should have been afforded an opportunity to conduct or compel discovery within the court-ordered deadline. Because it does not appear beyond doubt that their claims are barred by the statute of limitations, we reverse and remand for further proceedings.
Accordingly, the Halls' sole assignment of error is sustained.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, ordered that appellants recover of appellee their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and KENNETH A. ROCCO, J., CONCUR.