DECISION AND JUDGMENT ENTRY
Cynthia Simmering Gee appeals the Scioto County Court of Common Pleas' decision granting summary judgment in favor of Michael and David Aldridge and Giovanni's Pizza. Gee contends that the trial court erred in finding that her claims for negligence and negligent entrustment are barred by her failure to file her complaint within two years of the date of her injury. Because Gee does not argue that Michael Aldridge left the state during the two-year statute of limitations period, we disagree with respect to Gee's claim against Michael Aldridge. Because the statutory period tolled during the time David Aldridge traveled out of state, we agree that Gee timely filed her claim against David Aldridge. Finally, because the statutory period tolled during the days Giovanni's Pizza vacationed out of state, we agree that Gee timely filed her claim against Giovanni's Pizza. Accordingly, we affirm in part and reverse in part the judgment of the trial court.
 I.
The facts in this case are not in dispute. On June 21, 1995, David Aldridge lent his car to his son, Michael Aldridge, so that Michael could deliver pizzas for Giovanni's Pizza. At a gasoline station where Michael Aldridge went to purchase fuel for the afternoon's deliveries, he struck Gee's car and Gee sustained injuries.
Gee filed her original complaint on June 24, 1997, alleging negligence by Michael Aldridge, negligent entrustment by David Aldridge, and employer liability against Giovanni's Pizza. She voluntarily dismissed the action without prejudice, and then refiled her claim. The Aldridges and Giovanni's Pizza filed motions for summary judgment.
In discovery, David Aldridge admitted that approximately once per month during the relevant two-year statutory period, he spent up to three hours shopping in Ashland, Kentucky. Additionally, Giovanni's Pizza admitted in interrogatories to taking a three-day vacation to Gatlinburg, Tennessee and a five-day vacation to Myrtle Beach, South Carolina.[1] The record does not contain any evidence that Michael left the state during the two-year statutory period. The trial court granted the Aldridges' and Giovanni's Pizza's motions for summary judgment and dismissed Gee's complaint on the ground that Gee filed her claim after the two-year statute of limitations expired. Gee timely appealed, and asserts the following assignments of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY GRANTING DEFENDANTS'-APPELLEES' MOTION FOR SUMMARY JUDGMENT BECAUSE THE STATUTE OF LIMITATIONS WAS TOLLED WHILE APPELLEES WERE OUT OF STATE.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S CLAIM FOR NEGLIGENT ENTRUSTMENT.
 II.
Gee seeks reversal of the trial court's entry of summary judgment based upon the trial court's erroneous application of the statute of limitations and the tolling statute to the undisputed facts. Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor.Doe v. First United Methodist Church (1994), 68 Ohio St.3d 531, 535.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth, N.A. (1992),84 Ohio App.3d 806, 809.
 A.
In her second assignment of error, Gee argues that the trial court erred in dismissing her negligent entrustment claim against David Aldridge because a four-year statute of limitations applies to that claim. In support of her argument, Gee cites R.C. 2305.09(D), which provides that a cause of action must be brought within four years "[f]or an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12 * * *." R.C. 2305.10 governs time limits for filing "an action for bodily injury or injuring personal property," and provides for a two-year statute of limitations for such injuries.
In her complaint, Gee alleged that David Aldridge's negligent entrustment of his car to his son caused her to sustain "injuries to her person." Thus, the two-year statute of limitations in R.C. 2305.10 applies to Gee's claim for negligent entrustment. See Brown v. McCurdy (1995),102 Ohio App.3d 703; Turek v. Hogan (June 28, 1993), Butler App. No. CA92-09-178, unreported (each applying the R.C. 2305.10 two-year statute of limitations to claims for negligent entrustment of an automobile). Accordingly, we find that the trial court did not err by applying the two-year statute of limitations to Gee's claim.
 B.
In her first assignment of error, Gee asserts that the trial court erred in failing to find that her claims were timely filed pursuant to the statute of limitations contained in R.C. 2305.11 and the tolling provision contained in R.C. 2305.15. R.C. 2305.10 governs time limits for filing a personal injury action and provides, "an action for bodily injury or injuring personal property shall be brought within two years after the cause of action occurs." R.C. 2305.15 provides in relevant part:
 After the cause of action accrues [against a person] if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought.
The Supreme Court of Ohio has construed R.C. 2305.15 to toll the R.C.2305.10 limitation period when an individual temporarily leaves the state of Ohio for non-business reasons. Johnson v. Rhodes (2000),89 Ohio St.3d 540, 542.[2] However, R.C. 2305.15 does not toll the limitation applied to an out-of-state corporation that does not have a statutory agent in Ohio, because such an application would constitute an impermissible burden upon interstate commerce. Id.; Bendix AutoliteCorp. v. Midwesco Enterprises, Inc. (1988), 486 U.S. 888, 894.
In this case, the parties agree that neither the Aldridges nor Giovanni's Pizza is an out-of-state corporation. Giovanni's Pizza argues that the strict interpretation of R.C. 2305.15 adopted in Johnson will unfairly subject border residents to nearly perpetual liability. However, that is not the situation before us and, in any event, it is a matter for the General Assembly to address. Therefore, we find that the tolling provisions of R.C. 2305.15 apply to the Aldridges and Giovanni's Pizza.
Gee's cause of action accrued on June 21, 1995 and she first filed her complaint on June 24, 1997. The parties agree that Michael Aldridge did not leave the state of Ohio between June 21, 1995 and June 21, 1997. Therefore, the statute of limitations expired before Gee filed her claim against Michael Aldridge, and the trial court properly dismissed Gee's claim against him.
David Aldridge admits that he left the state of Ohio approximately twenty-four times for approximately three hours at a time between June 21, 1995 and June 21, 1997. The parties disagree as to whether the limitations period tolled for twenty-four days or for seventy-two hours. However, regardless of which tolling period we apply, the result is the same. Gee filed her complaint within three days of June 21, 1997. Therefore, Gee timely filed her claim against David Aldridge, and the trial court erred in dismissing her claim for negligent entrustment against him on the ground that she failed to file within the statutory period.
Giovanni's Pizza admitted that it was absent from the state of Ohio for seven days between June 21, 1995 and June 21, 1997. Gee filed her complaint within seven days of June 21, 1997. Therefore, the trial court erred in dismissing Gee's claim against Giovanni's Pizza on the ground that she failed to file within the statutory period.
In conclusion, we find that the trial court erred in dismissing Gee's claims against David Aldridge and Giovanni's Pizza, but did not err in dismissing Gee's claim against Michael Aldridge. Accordingly, we affirm in part and reverse in part the judgment of the trial court.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ________________________________ Roger L. Kline, Judge
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] Although Giovanni's Pizza and Gee both state that "Giovanni's Pizza" traveled outside the state for vacation purposes, we presume the parties intend to convey that the proprietor of Giovanni's Pizza traveled.
[2] The Supreme Court of Ohio issued the Johnson decision after the trial court in this case entered its judgement, and thus the trial court did not have the benefit of the Johnson holding in rendering its judgment.