DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, the common pleas court issued a summary judgment in favor of a defendant in a personal injury case, because the suit was time-barred by the statute of limitations. Because we concur with the trial court's determination that the defendant's time of absence outside Ohio insufficiently tolled the statute of limitations, we affirm.
Appellant, Linda J. Wheating,[1] and appellee, Sherry L. Jasman, were involved in an automobile accident in a Perrysburg parking lot on July 22, 1998. On August 11, 2000, appellant instituted the personal injury suit which underlies this appeal.
Following discovery, appellee moved for summary judgment, asserting that appellant failed to bring suit within the two year statute of limitations that provides for bodily injury claims pursuant to R.C.2305.10(A). Moreover, her absences from the state (approximately fifteen minutes per month aggregated) were insufficient to toll the statute of limitations to save the suit. Appellee responded that summary judgment should not issue because a question of fact exists as to whether appellee's absences tolled the statute. The question, according to appellee, is whether the aggregate time should count or whether the court should count one day tolled for each absence. The trial court employed the former method and concluded that appellee's 24 absences tolled the statute for six hours, an amount insufficient to compensate for the 20 days the complaint was filed late. On this conclusion, the trial court awarded appellee summary judgment.
Appellant now appeals this judgment, setting forth the following single assignment of error:
 "The trial court erred in granting summary judgment, because the statute of limitation was tolled by the defendant's absence from the state of Ohio."
 On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
There is no question of fact present in this matter. Appellee, in deposition testimony and affidavit, stated that each month for the two year period at issue she would drive a short distance into Michigan to see her mother. Each trip involved an absence from Ohio for no more than 15 minutes. This assertion is unrefuted.
At issue is a question of law. Does the savings statute, R.C. 2305.15, toll the statute of limitations for the actual amount of time one is absent from the state or for each day that a complainant leaves the state?
In material part, R.C. 2305.15 provides:
 "(A) When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought." (Emphasis added.)
It is well settled that the statute tolls the running of the statute of limitations, Wetzel v. Weyant (1975), 41 Ohio St.2d 135, syllabus, when an individual temporarily leaves the state for nonbusiness reasons.[2]Johnson v. Rhodes (2000), 89 Ohio St.3d 540, 544.
The debate among the districts and appellate panels has been not so much how to count partial day absences, but whether or not to count the absences at all. The most liberal application of the rule we have found tolled the statute for a full day when an individual left the state at a time after the beginning of the day, but before service of process could have reasonably been accomplished. Cantwell v. Frantz (Aug. 8, 2001), Stark App. No. 2000CA00331.
The more common method (the one employed by the trial court) is to compute, whenever possible, the actual time an individual spends outside Ohio, then sum the amounts of time, computing the total exact time for which R.C. 2305.15 applies. See, e.g., Gee v. Aldridge (Mar. 19, 2001), Scioto App. No. 00CA2725, 2001-Ohio-2441.
The decisions of this court have been more conservative. In Elliott v.Davenport (June 22, 1979), Lucas App. No. L-78-254, we refused to count partial day absences at all, calling the calculation of such absences "impractical and unworkable." But see the dissent of then Judge, later Justice Clifford Brown, which articulates what is now the more favored view; see, also, Smith v. McLaughlin (Aug. 24, 1984), Lucas App. No. L-84-107.
In this case, even were we to adopt the more favored view, the sum of the 15 minute periods does not place appellant's suit within the period prescribed by R.C. 2305.10(A). Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.
[1] Linda Wheating's children, Tracy Lynn Wheating and Amy Marie Wheating, are also appellants by virtue of an associated loss of consortium claim. For purposes of this decision, we will refer to appellants in the singular.
[2] Application of the statute against an out-of-state corporation has been found an undue burden on interstate commerce. Bendix Autolite Corp.v. Midwesco Ent., Inc. (1988), 486 U.S. 888, 894; but see Rhodes, supra, Cook, J., dissenting.