JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellants, Walter Taylor and his wife, Eileen Taylor,[1] (hereinafter, collectively "Taylor") appeal the trial court granting summary judgment in favor of defendant-appellee, American Manufacturers Mutual Insurance Company ("American"), the insurer for Taylor's employer, Clark Reliance Corporation ("Clark"). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In March 1989, Taylor was allegedly injured in a motor vehicle accident with an uninsured motorist. At the time of the collision, Taylor was driving his own vehicle and was not within the scope of his employment. Taylor did not have a personal auto policy on his car.
 {¶ 3} When the accident occurred, his employer carried a commercial automobile liability policy which included uninsured/underinsured motorist ("UM") coverage. In May 2001, twelve years after the accident, Taylor, as one of Clark's employees, claimed to be an "insured" under the UM portion of American's policy.
 {¶ 4} The uninsured motorists portion of the policy states: "We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle" because of "bodily injury" caused by an "accident." The policy also contains an explicit notice provision requiring the insured to provide American with "prompt notice" in the event of an
 {¶ 5} accident.
 {¶ 6} Taylor admits he never filed suit against the uninsured tortfeasor. Nor did he provide American the required notice until May 2001, more than two years after the June 1999 decision in Scott-Pontzerv. Liberty Mutual Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292,710 N.E.2d 1116. American denied coverage.
 {¶ 7} On August 17, 2001, Taylor filed a declaratory judgment action, in which he argued that he was entitled to UM coverage under his policy because that policy is identical to the one construed inScott-Pontzer, supra. The trial court granted American's motion for summary judgment in which it argued Taylor was not entitled to UM/UIM coverage under the policy it issued to Clark. It is from this order that Taylor now appeals and presents two assignments of error.
 {¶ 8} "I. The trial court erred in granting summary judgment in favor of defendant American Manufacturers Mutual Insurance Company by finding that the drive other car endorsement to the American Manufacturer's Policy resolved the ambiguity presented by the use of "you" in the Ohio Uninsured Motorists Coverage Endorsement, where the policy was issued solely to a corporation, and contained the exact same policy language as was present in Scott-Pontzer v. Liberty MutualInsurance Company (1999), 85 Ohio St.3d 660.
 {¶ 9} "II. The trial court erred in granting summary judgment in favor of appellee American Manufacturers Mutual Insurance Company when it held that plaintiff's breached the prompt notice provisions of the American Mutual Policy where the underlying claim was settled many years prior to the Ohio Supreme Court's decision in Scott-Pontzer, supra."
 {¶ 10} In the case at bar, we review American's policy just like any other contract. Andersen v. Highland House Co., 93 Ohio St.3d 547,2001-Ohio-1607, 757 N.E.2d 329. In both assignments Taylor claims that the trial court erred in granting American's motion for summary judgment. Our review of the trial court's decision to grant summary judgment is de novo. Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-70, 696 N.E.2d 201; Helton v. Scioto Cty. Bd. ofCommrs. (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. Moreover, on appeal, a trial court's decision on a motion for summary judgment can be affirmed for reasons different from those relied on by the lower court.Wallace v. Balint, 94 Ohio St.3d 182, 2002-Ohio-480, 761 N.E.2d 598.
 {¶ 11} Civ.R. 56(C) provides that "summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Holliman v. Allstate Ins. Co., 86 Ohio St.3d 414,1999-Ohio-116, 715 N.E.2d 532; Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
 {¶ 12} We reject defendant's argument for coverage under American's policy for the reasons that follow. The record shows that Taylor never filed suit against the uninsured tortfeasor. The express language of the policy states American "will pay all sums the `insured' is legally entitled to recover as damages from the owner or driver of an `uninsured motor vehicle' * * *." Even if Taylor is an insured, an issue we need not determine, he would nonetheless be precluded from coverage because he is not "legally entitled to recover" anything from the original tortfeasor.
 {¶ 13} According to Ohio law, the phrase "legally entitled to recover" means the insured must be able to prove the elements of his or her claim. Kurent v. Farmers Insurance of Columbus, Inc. (1991),62 Ohio St.3d 242, 581 N.E.2d 533 citing Sumwalt v. Allstate Ins. Co.
(1984), 12 Ohio St.3d 294, 466 N.E.2d 544, at syllabus. Damages is one element the insured must prove. However, an insured cannot recover damages unless he proves the uninsured tortfeasor is legally liable to pay him. Kurent, supra; Bogden v. Allstate Ins. Co. (Nov. 10, 1999), Cuyahoga App. No. 75141.
 {¶ 14} The insured must be shown to be legally entitled to recover from the tortfeasor. Laibson v. CNA Ins. Cos. (May 14, 1999), Hamilton App. No. C-980736, citing to R.C. 3937.18(A) and 3937.18(D); Kraly v.Vannewkirk (1994), 69 Ohio St.3d 627, 635 N.E.2d 323; Miller v.Progressive Cas. Ins. (1994), 69 Ohio St.3d 619, 635 N.E.2d 317. "The insured's legal right to recover is subject to any and all statutory and common-law defenses * * *." Laibson, supra, citing State Farm MutualAutomobile Ins. Co. v. Webb (1990), 54 Ohio St.3d 61, 65, 562 N.E.2d 132,135; see, Miller v. American Family Insurance Co., Ottawa App. No. OT-02-011, 2002-Ohio-7309; Veloski v. State Farm Mutual Auto Ins. Co.
(1998), 130 Ohio App.3d 27, 719 N.E.2d 574.
 {¶ 15} In the case at bar, the statute of limitations began to run in 1989, the date of the accident. Taylor admits that in the twelve years after the accident he never pursued a legal action against the responsible tortfeasor. Nor will he ever be able to successfully pursue such recovery, because the statute of limitations has run. Ohio has a two-year limitations period for personal injuries resulting from a motor vehicle accident. R.C. 2305.10; Johnson v. Rhodes, 89 Ohio St.3d 540,2000-Ohio-235, 733 N.E.2d 1132. The two-year statute has run. Taylor never sought or obtained a judgment of liability against the original tortfeasor. As of March 1991, the two-year limitations period lapsed; thus he was and is prevented from filing suit. Taylor is not, therefore, "legally entitled to recover" from the tortfeasor in this case.
 {¶ 16} "The failure of the insured to bring an action within two years means that the insured is no longer legally entitled to recover from the tortfeasor, and no longer entitled to seek uninsured-motorist coverage under an insurance policy, because the insurer `would thus be prohibited from pursuing its subrogation rights against the wrongdoer.'"Laibson, supra, citing State Farm Mutual Automobile Ins. Co.
 {¶ 17} Because Taylor never satisfied this condition precedent in the insurance contract, we conclude the trial court did not err in granting summary judgment to American. As a result of this threshold problem, which the trial court never discussed, we need not address the merits of defendant's two assignments of error. Both assignments of error are moot and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., CONCURS; TERRENCE O'DONNELL, J., CONCURS IN JUDGMENT ONLY.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Eileen Taylor's claims are for loss of consortium.