[Cite as *Tremp v. Mash*, 2014-Ohio-3516.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Ronald C. Tremp                                   Court of Appeals No. L-14-1018

       Appellant                              Trial Court No. CI201206144

v.

Harold J. Mash                                    **DECISION AND JUDGMENT**

       Appellee                               Decided:  August 15, 2014

* * * * *

Konrad Kircher, Ryan J. McGraw and Catherine G. Hoolahan,
for appellant.

Douglas A. Wilkins, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This accelerated appeal is before the court following the January 24, 2014 judgment of the Lucas County Court of Common Pleas which granted appellee Harold J. Mash's motion for summary judgment against plaintiff-appellant, Ronald C. Tremp. Because we agree that the statute of limitations had expired prior to the commencement of the action, we affirm.

{¶ 2} The relevant facts of this case are as follows. Appellant commenced this action on November 1, 2012, alleging claims against appellee for sexual assault and battery, intentional infliction of emotional distress, and victim of crime. Specifically, appellant alleged that in 1978, while still a minor, he was sexually abused by appellee on several occasions. Appellant claimed that appellee used his position as a school teacher to facilitate the abuse after their teacher-student relationship had ended. Appellant reached the age of majority in December 1981. The parties stipulated that at that time, appellant was aware of the alleged abuse and that appellee was the alleged abuser.

{¶ 3} In October 1981, appellee left the state of Ohio with his wife and children and moved to Georgia for employment as well as educational purposes at a chiropractic college. Appellee's wife and children returned to Ohio in 1983, to the home they still owned. In 1983, appellee moved to Iowa to continue his chiropractic education and for employment. In 1986, appellee and his wife divorced and at some point he moved to Illinois. There was no allegation that appellee left the state in order to avoid service or conceal his whereabouts.

{¶ 4} On September 6, 2013, appellee filed a motion for summary judgment arguing that appellant failed to commence the action within the applicable statutes of limitation. Relevant to this appeal, appellee claimed that the tolling provision under R.C. 2305.15 was not applicable because no evidence was presented that appellee was hiding or absconding when he was employed and/or attending a chiropractic college out-of-state. Appellee relied on multiple cases to support his argument that because he was out-of-state

2.

for valid business purposes, the tolling of the limitations period would be unconstitutional as being violative of the Commerce Clause.

{¶ 5} In response, appellant argued that the controlling case law rejects appellee's arguments and that the Ohio Supreme Court specifically held that the limitations period was tolled for a party who temporarily left the state for non-business reasons. *Johnson v. Rhodes*, 89 Ohio St.3d 540, 733 N.E.2d 1132 (2000). Thus, appellant argued, the purpose of the departure was immaterial for the application of the statute.

{¶ 6} On January 24, 2014, the trial court granted appellee's motion for summary judgment finding that the tolling statute did not apply to appellee because he was out-of-state for business purposes. This appeal followed.

{¶ 7} Appellant now raises the following assignment of error:

The trial court erred when it granted defendant's motion for summary judgment.

{¶ 8} We review the trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). A motion for summary judgment should only be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

3.

{¶ 9} In his sole assignment of error, appellant contends that the court erroneously determined that the action was time-barred because the statute and case law provide that a plaintiff need not show that the defendant left the state in order to avoid service; the reason for the departure is immaterial. R.C. 2305.15(A), the statute at issue, provides:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

{¶ 10} Appellant argues that R.C. 2305.15 applies to toll the statute of limitations when an individual leaves the state without regard to the purpose of departure. Appellant relies on a case where the statute of limitations was tolled against an alleged abuser who left the state prior to the victim reaching the age of majority. *Cramer v. Archdiocese of Cincinnati*, 158 Ohio App.3d 110, 2004-Ohio-3891, 814 N.E.2d 97 (1st Dist.). Without elaboration, the court concluded because the alleged abuser left Ohio in 1970 and never returned the limitations period was tolled. *Id.* at ¶ 27. There was no discussion of his purpose for departure.

4.

**{¶ 11}** Appellant also relies on *Johnson*, 89 Ohio St.3d 540, 733 N.E.2d 1132, which held that the tolling provision applied where the defendant temporarily left the state for non-business purposes. In *Johnson*, the court rejected the argument that the line of cases finding that the statute unconstitutionally burdened interstate commerce applied to a defendant who temporarily left the state for non-business purposes. *Id.* at 541-542, discussing *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988) (Ohio tolling statute did not apply to nonresident corporation); *Wetzel v. Weyant*, 41 Ohio St.2d 135, 323 N.E.2d 711 (1975). Likewise, this court has held that the tolling statute applies to "individuals who leave the state temporarily for nonbusiness purposes." *Lisi v. Henkel*, 175 Ohio App.3d 463, 2008-Ohio-816, 887 N.E.2d 1209, ¶ 8 (6th Dist.).

**{¶ 12}** Addressing the issue of the application of the tolling statute to an individual who has left the state for employment, the United States District Court of the Northern District of Ohio first noted that the movement of individuals falls within the Commerce Clause. *Tesar v. Hallas*, 738 F.Supp. 240, 242 (N.D.Ohio 1990). The court then found that "the portion of O.R.C. § 2305.15 which causes automatic tolling for out-of-state persons, over whom the Ohio courts would have personal jurisdiction and who are not alleged to have fled or concealed their location, is not justified" *Id.* at 243. *Accord*, *Spence v. Gohara, M.D.*, 6th Dist. Lucas No. L-94-043, 1994 WL 590528 (Oct. 28, 1994) (in a medical malpractice action the statute of limitations was not tolled for a surgeon who moved out-of-state for business purposes).

5.

{¶ 13} Looking at the specific facts of this case, we find troubling the fact that appellant stipulated that upon reaching the age of majority in 1981, he was aware of the abuse and that appellee was the alleged abuser, yet he waited 30 additional years after the expiration of the limitations period to commence this action. Thus, absent any evidence that appellee intentionally absconded from the state we find that no genuine issues of fact remain and that the trial court did not err when it granted appellee's motion for summary judgment. Appellant's assignment of error is not well-taken.

{¶ 14} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                        _____
                                             JUDGE

Arlene Singer, J.                                          _____

Thomas J. Osowik, J.                       JUDGE
CONCUR.

                                             _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.