LISI, Appellant,

v.

HENKEL, Appellee.

[Cite as *Lisi v. Henkel,* 175 Ohio App.3d 463, 2008-Ohio-816.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1183.

Decided Feb. 29, 2008.

Stevin J. Groth, for appellant.

Allison M. Taylor, for appellee.

Skow, Judge.

{¶ 1} Appellant, Dawn Lisi, appeals an order of the Toledo Municipal Court that granted summary judgment to appellee, Carrie A. Henkel. For the following reasons, we reverse.

{¶ 2} Appellant filed this action in Toledo Municipal Court on May 23, 2006. Her complaint alleged damages caused by appellee in an automobile accident that occurred on May 20, 2004. Appellee asserted the expiration of the statute of limitations as a defense, citing R.C. 2305.10, which sets the time for filing a personal-injury claim at two years. After some discovery, appellee filed a motion for summary judgment, arguing that the complaint was filed three days late. In response, appellant filed a motion in opposition, claiming that the statute of limitations had tolled for three days when appellee was out of the state.

Appellant supported her motion in opposition with an interrogatory in which appellee admitted being absent from Ohio from "October 14, 2005, until October 16, 2005."

{¶ 3} The trial court granted appellee's motion for summary judgment, holding that appellant failed to show that appellee had left the state in order to conceal herself from service as required by R.C. 2305.15. Appellant presents one assignment of error:

{¶ 4} "The trial court erred to the prejudice of the plaintiff when it granted defendant Carrie Henkel's motion for summary judgment."

{¶ 5} Appellate courts review judgments granting summary judgment de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C).

{¶ 6} The tolling statute provides:

{¶ 7} "When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought." R.C. 2305.15(A).

{¶ 8} Appellant claims that summary judgment was improper because the trial court erred by not applying the tolling statute properly to these facts. The trial court relied on *Keel v. Sternfeld* (May 21, 1999), 6th Dist. No. L–97–1348, 1999 WL 316867, and held that the plaintiff must show that the defendant's intention was to frustrate service in order to toll the statute of limitations. Since *Keel*, the Ohio Supreme Court has ruled that R.C. 2305.15 does not require a showing that the person left the state in order to avoid service. *Johnson v. Rhodes* (2000), 89 Ohio St.3d 540, 543, 733 N.E.2d 1132. In short, the savings statute does apply to individuals who leave the state temporarily for nonbusiness purposes. Therefore, the statute of limitations was tolled for the period of time during which appellee was out of Ohio.

{¶ 9} Appellee's initial motion for summary judgment relied on the dates in appellant's complaint, which, by its face, shows that it was filed two years after

the accident allegedly occurred. Appellant's motion in opposition was supported by an interrogatory wherein appellee stated that she was out of Ohio from "October 14, 2005, until October 16, 2005." Appellee filed a response to appellant's motion in opposition, in which she stated that she was absent for only partial days on October 14 and October 16. In that response, appellee stated that she would file supplemental documentary evidence supporting her statement regarding the partial-day absences, but no document was ever filed. Both parties argue on appeal whether the partial-day absences should count towards tolling. See *Wheating v. Jasman,* 6th Dist. No. L–02–1026, 2002-Ohio-3701, 2002 WL 1602419.

{¶ 10} It is axiomatic that evidentiary matter must be incorporated by reference in an affidavit or by one of the documents listed in Civ.R. 56(C). *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 289, 662 N.E.2d 264. Appellant's motion was supported by appellee's statement in an interrogatory that she was absent from October 14 to October 16, 2005. In order to rebut this evidence, appellee would have had to submit evidence of a type listed in Civ.R. 56(C); a naked statement in a motion is not evidence that can be considered. *Dresher,* supra, at 298, 662 N.E.2d 264. Therefore, considering only the evidence in the record as provided by Civ.R. 56(C), we must conclude that appellee was absent for the three full days from October 14 to October 16, 2005. The statute of limitations being tolled for that time, appellant's complaint was timely filed.

{¶ 11} For the foregoing reasons, appellant's assignment of error is well taken. The judgment of the Toledo Municipal Court is reversed, and the cause is remanded for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed
and cause remanded.

HANDWORK and OSOWIK, JJ., concur.