[Cite as *Tuckosh v. Cummings*, 2014-Ohio-1400.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LAWRENCE TUCKOSH | ) | CASE NO. 13 HA 1 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CAROL A. CUMMINGS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:         Civil Appeal from the Court of Common
                                  Pleas of Harrison County, Ohio
                                  Case No. 98-480-DR

JUDGMENT:                         Affirmed.

APPEARANCES:

For Plaintiff-Appellee:           Lawrence E. Tuckosh, Pro Se
                                  3121 Plymouth Ave.
                                  Middletown, Ohio  45044

For Defendant-Appellant:          Atty. John C. Fazio
                                  843 N. Cleveland Massillon Rd Up-11A
                                  Bath Township, Ohio  44333

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                  Dated:  March 28, 2014

WAITE, J.

{¶1} Appellant Carol A. Cummings appeals the ruling of the Harrison County Court of Common Pleas resolving a *pro se* motion she filed in her divorce case asking for all of Appellee Lawrence E. Tuckosh's prior delinquencies in paying child support, spousal support, and a variety of other items, to be reduced to a lump sum judgment of over $410,000. The court granted a total lump sum judgment to Appellant of $69,494.56, covering child support, spousal support, payments for the marital residence, and attorney fees. The court did not award any lump sum for credit card debt, the division of Appellee's business, or the children's medical costs.

{¶2} Appellant believes the court should have awarded judgment on each item listed in her motion, and that the total judgment should have been $410,582.00. Based on our review of this record, Appellant is mistaken. The trial court carefully examined the arrearage delinquencies over the 15 years this matter has been active, and added them together into one judgment, using Appellant's own evidence. Some items sought by Appellant were never determined to be arrearages or delinquencies because the matters were stayed once Appellee filed for bankruptcy in 2002. Appellant also asked that credit card debt and medical payment delinquencies be included in the judgment, but the delinquency on these items was never reduced to an amount in any court order, and so was beyond the scope of Appellant's motion. There is no additional evidence in the record that would have allowed the court to make a lump sum judgment on these items. The court did exactly as Appellant asked in her motion by reducing to a lump sum judgment those arrearages and

delinquencies that could be determined from the record. The trial court's judgment is affirmed.

## History of the Case

{¶3} This is the fourth time this case has been before this Court. Appellee and Appellant were married in July of 1991. In November, 1998, Appellee filed for divorce in Harrison County. At the time, Appellant was the mother and residential parent of two minor children. A visiting judge was assigned to the case and the divorce was granted on October 31, 2000. Appellee was ordered to pay child support, spousal support for five years, provide health insurance, and pay for a portion of unreimbursed health care costs of the children. He was further ordered to pay off the parties' credit card debt (although the amount of debt was not specified), and pay $120,000 (in monthly installments of $12,000) as half the value of the business owned by Appellee (the Cadiz Tool and Die Company). Both parties appealed the divorce decree.

{¶4} We ruled on the first appeal on March 15, 2002. *Tuckosh v. Tuckosh*, 7th Dist. No. 00 526 HA, 2002-Ohio-1154. The case was remanded to redetermine the division of marital property.

{¶5} While on remand, the trial court received notice that Appellee filed for Chapter 7 bankruptcy on November 12, 2002. The court issued its judgment entry on December 3, 2002, dealing with the remanded matters. Due to the automatic stay of proceedings resulting from the bankruptcy petition, the trial court decided not to value or divide Appellee's business as a marital asset. The record reflects that the

business had closed since the original divorce decree was issued. The court reinstated spousal support and child support, which the court determined were proper matters to adjudicate despite the bankruptcy stay. The court reallocated the credit card debt as spousal support, and once again ordered Appellee to pay the debt without specifying the amount. The court found Appellee in contempt for failing to pay child and spousal support. The court entered judgment on the arrearages for spousal and child support in the combined amount of $10,790.20. Without objection from the parties, the consolidated arrearages were entered back into Appellee's account at the Harrison County Child Support Enforcement Agency (CSEA). The court did not award or mention past due amounts for temporary spousal or child support. This judgment entry was not appealed.

{¶6} Further appeals in this case were litigated in 2007 and 2009 on matters dealing solely with child support. In neither appeal was the matter of temporary child support payments raised. *Tuckosh v. Cummings,* 7th Dist. No. 07 HA 9, 2008-Ohio-5819; *Tuckosh v. Cummings*, 7th Dist. No. 09 HA 4, 2009-Ohio-6401.

{¶7} Appellant filed a notice of discharge in bankruptcy on August 17, 2012.

{¶8} On September 13, 2012, Appellant filed an uncaptioned *pro se* document that purports to be a motion to reduce prior court-ordered delinquencies to lump sum judgments. Appellant demanded lump sum judgments in eight categories of alleged deficiencies, totaling over $410,000. Appellee filed a *pro se* response on November 6, 2012. Neither party requested a hearing, so the matter was decided based on the record. The court issued its ruling on December 28, 2012. The court

awarded lump sum judgments for past due child support and spousal support based on the prior judgment entries and the amounts on the CSEA reports. The court awarded no lump sum judgment for the marital business because the matter had been stayed during the bankruptcy and had never been resolved by the court. The court awarded no lump sum judgment for credit card debt because the amount of that debt had never been determined. The court awarded no lump sum judgment for the children's medical expenses because there was no evidence as to those expenses in the record.

{¶9} Appellant filed a notice of appeal on January 23, 2013.

{¶10} On January 7, 2013, Appellant, now represented by counsel, filed a Civ.R. 60(B) motion for relief from judgment. No evidence was attached to the motion. The trial court denied the motion on February 4, 2013. Appellant has filed only an appeal of the initial judgment entry of December 28, 2012, but she discusses the denial of the motion for reconsideration in her brief on appeal. Appellee has not responded to this appeal. Under App.R. 18(C): "If an appellee fails to file the appellee's brief within the time provided by this rule * * * the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶11} Appellant presents four assignments of error, but her argument really consists of a single assignment of error challenging five subsections of the lump sum judgment award. Thus, her assignments of error will be treated together.

ASSIGNMENTS OF ERROR

Assignment of Error No. 1

Marital Family Business Purchase Delinquencies.

Assignment of Error No. 2

Children's Health Insurance Expense Delinquencies.

Assignment of Error No. 3

Marital Credit Card Debt Delinquencies.

Assignment of Error No. 4

Temporary Child Support and Spousal.

{¶12} Appellant contends that she presented unrebutted evidence on every item in her motion for lump sum judgment, and she asks us to grant her the judgment that she believes the trial court should have granted. A lump sum judgment for the amount of delinquent support payments is a type of relief available in a divorce action. *Smith v. Smith*, 168 Ohio St. 447, 457, 156 N.E.2d 113 (1959). The trial court's determination of arrearages and lump sum judgments in a divorce case is reviewed for abuse of discretion. *Goodman v. Goodman*, 144 Ohio App.3d 367, 374, 760 N.E.2d 72 (7th Dist.2001). Appellant contends that the trial court abused its discretion by not simply granting lump sum judgments for all the items in her *pro se*

motion because she included attachments to the motion stating what she considered to be the correct amount of each item. The attachments appear to be nothing more than separate prayers for relief in each of the five subcategories under review in this appeal. Although the original motion sought a lump sum award in eight subcategories, on appeal Appellant is asking for reversal in only five of those subcategories: one-half share of the value of Appellee's business; the value of medical expenses incurred for the children; payment of marital credit card debt; child support; and spousal support.

{¶13} Appellant contends that her motion, itself, constituted evidence and should have been relied upon as unrebutted by the trial court. It is obvious though, that "a naked statement in a motion is not evidence that can be considered." *Lisi v. Henkel*, 175 Ohio App.3d 463, 2008-Ohio-816, 887 N.E.2d 1209, ¶10 (6th Dist.). Appellant insists that her motion was sworn before a notary and should be treated as containing evidence. There is nothing in the September 13, 2012, motion that states that Appellant swore to anything in the motion, and none of the attachments are signed, sworn or notarized. If Appellant intended the motion to serve as an affidavit, she should have captioned it as an affidavit, prepared it as an affidavit, and have it sworn and notarized as an affidavit.

{¶14} Appellant also relies on attachments to her motion for lump sum judgment, even though some of those attachments clearly contradict the amounts that she requested. For example, Appellant asked for $33,933 in past due child support based on supposed calculations by the CSEA, even though the attached

documents from the CSEA show a delinquency of only $2,100.69. Appellant also asked for either $88,096 or $61,894 in past due spousal support (it is not clear because the amount was crossed out and rewritten). The attached CSEA documents show $41,943.87 in delinquencies. Appellant's motion contains no affidavits, no depositions, no transcripts, and no citation to any other properly admitted evidence that would contradict the CSEA reports. Therefore, the trial court was correct in relying on the evidence that was available when it made its determination.

**{¶15}** The express prayer for relief at the end of Appellant's motion is as follows: "Based upon the prior Orders of this Court dated Jan 8, 1999; Oct 31, 2000; Jan 10, 2001; May 7, 2001; Dec 3, 2002; Jan 17, 2003; and Jan 5, 2009, as well as CSEA's Notice dated Aug 30, 3012 the Court finds that Lawrence Tuckosh is delinquent in court-ordered family law payments in the following sums," and then Appellant listed the sums she desired for each category. (9/13/12 Motion, p. 6.) Appellant's own prayer for relief asks the court to take delinquencies already determined in prior court orders, in light of the CSEA report from August 30, 2012, and create a lump sum judgment. Appellant does not request that the court determine new delinquencies, look at new evidence (except for the CSEA report), or engage in any type of fact-finding. Appellant cannot now argue reversible error when the trial court did exactly what was asked in the motion. "Under the invited-error doctrine, a party is not permitted to take advantage of an error that she herself invited or induced the court to make." *Anderson v. Anderson*, 147 Ohio App.3d 513, 528, 771 N.E.2d 303 (7th Dist.2002). The following brief review of each of the five

categories of alleged delinquencies further demonstrates that the trial court's judgment is correct.

One-half the value of Appellee's business

**{¶16}** Appellant sought $197,000 as the value of one-half of Appellee's business, which was valued at $240,000 in the divorce decree. Appellee was ordered to pay Appellant $12,000 per month for 10 months as part of the divorce decree.

**{¶17}** Both parties appealed the divorce decree. We resolved the appeal on March 15, 2002. The case was remanded to the trial court, in part, to redetermine the division of marital assets and debts, including the division of Appellee's business. On November 12, 2002, Appellee filed for bankruptcy. In light of the automatic bankruptcy stay of proceedings, the trial court did not value or divide Appellee's business, but retained jurisdiction to do so at a later date. (12/3/02 J.E.) There is nothing else in the record regarding Appellant's bankruptcy or any further attempt by the court to divide, value or determine delinquencies with respect to Appellee's business. As there is no evidence in the record pertaining to the value or division of the business, the trial court could not award the $197,000 lump sum amount sought by Appellant.

Children's health insurance and health care costs

**{¶18}** The divorce decree ordered Appellee to maintain health insurance for the children, and he was found in contempt for failing to maintain this insurance. On January 5, 2009, the court ordered the parties to share liability for the cost of

uncovered health care needs of the children. In Appellant's motion, she estimated these costs to be $49,700. Her estimate does not amount to evidence on this issue. The only evidence Appellant requested the court to consider were a variety of prior orders and judgment entries, and the CSEA report. As there is no evidence in the record regarding medical costs for the children, the trial court did not award any lump sum judgment for this item.

## Credit Card Debt

{¶19} Appellant asked for $34,200 in past due credit card debt. The divorce decree ordered, as part of the division of marital property, that Appellee pay any credit card debt held by either party that was incurred before January 18, 2000. The amount of this debt, however, was not specified. The court reallocated this credit card debt as spousal support when the case was remanded after the initial appeal. (12/3/12 J.E., p. 3.) Once again, no amount was specified. There is nothing in the record placing any dollar value on the credit card debt, hence, the trial court could not reduce this debt to a lump sum judgment. Again, Appellant's unsupported estimates in her motion do not constitute evidence. Appellant's argument regarding the credit card debt is unpersuasive.

## Child Support

{¶20} Appellant sought a lump sum judgment for past due child support payments in the amount of $33,933. Appellant attached Exhibit E to her motion, which contained the worksheets from the CSEA showing the past due amount for child support as of October, 2012. Monthly child support requirements actually

ended in August of 2012, after the children reached the age of majority. CSEA calculated an arrearage of $2,100.69. This is the amount used by the trial court in its lump sum judgment.

**{¶21}** Appellant contends that the court should also have included past due temporary child support payments, but no such delinquency is mentioned in any of the judgment entries referenced in Appellant's motion, nor is it reflected in the CSEA documentation. Child support was resolved in the initial appeal in this case, and no objection was raised that the trial court failed to consider unpaid temporary support as part of the final divorce decree. Child support issues that could have been raised in a prior appeal but were not are *res judicata* in subsequent litigation between the parties. *Carpenter v. Carpenter*, 7th Dist. Nos. 11 NO 387, 11 NO 388, 2012-Ohio-4567, ¶22; *Cramblett v. Cramblett*, 7th Dist. No. 05 HA 581, 2006-Ohio-4615, ¶36.

**{¶22}** Furthermore, temporary child support orders merge with the final divorce decree and cannot be separately reviewed on appeal: "In a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree." *Colom v. Colom*, 58 Ohio St.2d 245, 389 N.E.2d 856 (1979), syllabus. For all these reasons, the judgment of the trial court regarding the lump sum amount for past due child support is correct.

<u>Spousal Support</u>

{¶23} Appellant asked for a lump sum judgment for past due spousal support in the amount of $61,894. Appellant attached Exhibit E to her motion, which contained the worksheets from the CSEA showing the past due amount for spousal support as of October 2012. CSEA calculated an arrearage of $41,943.87. This is the amount used by the trial court in its lump sum judgment. Appellant contends that the court should also have included past due temporary spousal support payments, but, again, no such delinquency is mentioned in the any of the judgment entries referenced in Appellant's motion, nor is it contained in the CSEA documentation. As earlier discussed, temporary support payments merge with the final divorce decree and cannot be separately challenged on appeal. *Colom*, *supra*, 58 Ohio St.2d 245, syllabus. The evidence in the record supports the trial court's judgment.

## Conclusion

{¶24} The record fully supports the conclusions reached by the trial court as to verifiable delinquencies in the divorce action that could be reduced to lump sum judgments. Appellant did not cite to any evidence in the record contradicting the factual conclusions of the trial court as to the amount of each part of the lump sum judgment. Appellant's unsupported statements in her motion do not constitute evidence. Further, Appellant specifically asked the court only to consider prior orders and judgment entries, as well as the child support and spousal support worksheet provided by CSEA. This is the exact evidence the court used to make its ruling. Appellant's argument that the trial court failed to enter lump sum judgments for temporary child and spousal support cannot be raised on appeal, as such temporary

support payments merged with the final divorce decree, and the disposition of the temporary support arrearage could have been raised in prior appeals and is now *res judicata*. The trial court relied on the evidence in the record and reached its judgment accordingly. As there is no error in this case, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.