[Cite as *State v. Mickens*, 2016-Ohio-4636.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                               :

      Plaintiff-Appellee,                          :

                                     No. 15AP-961

v.                                                          :     (C.P.C. No. 07CR-5044)

Nelson Mickens,                                             :     (REGULAR CALENDAR)

      Defendant-Appellant.                         :

---

D E C I S I O N

Rendered on June 28, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Nelson Mickens*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Nelson Mickens, appeals a decision of the Franklin County Court of Common Pleas entered on September 24, 2015, denying leave to file a delayed motion for a new trial. Because we agree that Mickens failed to show that he was prevented from discovering the new evidence to support his delayed motion for a new trial, the motion for leave to file a delayed motion for a new trial was properly denied, and we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The procedural and factual history of this case has already been established in our decision on direct appeal. *See State v. Mickens*, 10th Dist. No. 08AP-626, 2009-Ohio-1973. Mickens was indicted for one count of vaginal rape and one count of anal rape on July 16, 2007, arising from a June 26, 2007 rape of an exotic dancer, whom Mickens had promised to pay in exchange for joining him at a bar for some drinks. *Mickens* at ¶ 2-

No. 15AP-961

5.   Mickens requested and (according to notices filed with the trial court) received discovery from plaintiff-appellee, State of Ohio,  on three occasions.  According to one of the notices, the discovery produced included: (1) Photo and Evidence Collection Log; (2) Evidence and Property Inventory; and (3) Lab Requests and Results.

{¶ 3}   A jury convicted Mickens of vaginal rape and acquitted him of anal rape in April 2008.  *Mickens* at ¶ 15. The trial court sentenced Mickens to ten years in prison for his conviction.   Mickens timely appealed, and this Court affirmed his conviction on April 28, 2009. *Id.*

{¶ 4}   More than six years later, on July 14, 2015, Mickens filed a motion for leave to file a delayed motion for a new trial.  In his motion for leave, Mickens alleged chain of custody and DNA report discrepancies and attached the reports in question, labeling them as Exhibits A through C2.   In addition, Mickens alleged in his motion that he received these exhibits from the Ohio Innocence Project in 2014.   However, apart from the unverified assertion in his motion, Mickens presented no evidence of when the evidence constituting the basis for the motion was discovered, nor did he attempt to explain any other reason why he might have been prevented from discovering them as a basis for a delayed motion for a new trial before July 2015, when he filed the motion. On September 24, 2015, the trial court denied the motion for leave and explained its reasoning as follows:

> [T]he Court is of the opinion that Defendant is not entitled to the leave he seeks.  The Court finds that Defendant has not shown clear and convincing proof that he was unavoidably prevented from discovering the evidence upon which he relies to support his motion.  Since this is so, Defendant does not satisfy the mandates of Crim. R. 33(B) and his motion is hereby DENIED.

(Emphasis sic.) (Sept. 24, 2015 Decision Den. Mot. for Leave at 1.)

{¶ 5}   Mickens now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 6}   Mickens assigns two alleged errors for our review:

> [1.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION IN REQUEST FOR A NEW TRIAL, WITHOUT ORDERING AN EVIDENTIARY HEARING, WHEN DEFENDANT DEMONSTRATED BY

> MORE THAN A PREPONDERANCE OF THE EVIDENCE THAT "BRADY" MATERIAL WAS WITHHELD PRIOR TO AND THROUGHOUT THE TRIAL.
>
> [2.] THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW TO THE DEFENDANT'S PREJUDICE BY DENYING DEFENDANT'S MOTION, AS DEFENDANT HAS MET THE BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE THAT HE IS ENTITLED TO A NEW TRIAL.

## III.  DISCUSSION

{¶ 7}  Both of Mickens' assignments of error bear on whether the trial court should have denied his request for a new trial.  However, the trial court did not actually rule on Mickens' request for a new trial, it ruled on Mickens' motion for *leave to file* a delayed motion for a new trial:

> [T]he Court is of the opinion that Defendant is not entitled to the leave he seeks.  The Court finds that Defendant has not shown clear and convincing proof that he was unavoidably prevented from discovering the evidence upon which he relies to support his motion.  Since this is so, Defendant does not satisfy the mandates of Crim. R. 33(B) and his motion is hereby DENIED.

(Emphasis sic.) (Sept. 24, 2015 Decision Den. Mot. for Leave at 1.)  Accordingly, Mickens' assignments of error are inapposite to the judgment underlying this appeal.  However, in the interest of judicial economy, we explain why the trial court properly denied Mickens' motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33.

{¶ 8}  Ohio Criminal Rule 33(A) provides two avenues of relief potentially available  to Mickens concerning his desire for a new trial:

> A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> * * *
>
> (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
>
> * * *

No. 15AP-961

> **(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.**

Crim.R. 32(A)(2) and (6).

{¶ 9} A different section of Crim.R. 33(B) sets time limits in which to file a motion for a new trial as follows:

> **Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.**
>
> **Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.**

In short, before Mickens can seek this Court's review of the question of whether or not he was entitled to a new trial, he must first seek review of the trial court's determination that he has not proved by clear and convincing evidence that he should have been given leave by the trial court to file his delayed motion for new trial.

No. 15AP-961

{¶ 10} In Mickens' case, the jury announced a verdict on April 10, 2008. *Mickens* at ¶ 15. Mickens did not request leave to file a delayed motion for a new trial until July 14, 2015, more than seven years later.  By either the 14 or 120-day limit in Crim.R. 33(B), Mickens' motion is untimely.  Under the rule, Mickens' burden was to show the trial court "by clear and convincing proof" either that he "was unavoidably prevented from filing his motion for a new trial" within the time limit or (to the extent his motion relies on newly discovered evidence) that he was "unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B); *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 17-24.  We review a trial court's denial of a motion for leave to file a delayed motion for new trial under an abuse of discretion standard. *State v. Bass*, 10th Dist. No. 13AP-1052, 2014-Ohio-2915, ¶ 13; *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 8.

{¶ 11} Although Mickens submitted exhibits in connection with his motion for leave to file a delayed motion for a new trial, these exhibits were limited in that they addressed the substance of his motion for a new trial and not his entitlement, if any, for leave to file the delayed motion for new trial.  Mickens submitted no evidence—not his counsel's affidavit or even his own affidavit—to  attempt to meet his burden to show "by clear and convincing proof" that he "was unavoidably prevented from filing his motion for a new trial" within the time limit or "unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B).  Although Mickens did assert in his motion for leave that he received the exhibits he attached to his motion from the Ohio Innocence Project in 2014 and that the documents were not part of his trial discovery, a mere assertion in a motion is not evidence and cannot constitute "clear and convincing proof." Crim.R. 33(B); *see Tuckosh v. Cummings*, 7th Dist. No. 13 HA 1, 2014-Ohio-1400, ¶ 13.  Even if we were inclined to credit simple assertions as evidence, the discovery notice filed by the State during the original prosecution of the case makes a contrary assertion—that "Photo and Evidence Collection Log[,] Evidence and Property Inventory[, and] Lab Requests and Results" were provided in discovery. (Aug. 10, 2007, Disc. Provided at 1; Jul 14, 2015 Mot. for Leave to File at 11-16.)

{¶ 12} Mickens did not meet his burden to show "by clear and convincing proof" that he "was unavoidably prevented from filing his motion for a new trial" within the time

No. 15AP-961

limit or "unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B). Accordingly, we find no abuse of discretion by the trial court in denying Mickens' leave to file a delayed motion for a new trial.

{¶ 13} Mickens' two assignments of error are overruled.

## IV.  CONCLUSION

{¶ 14} Because Mickens presented no evidence to show  "by clear and convincing proof" that he "was unavoidably prevented from filing his motion for a new trial" within the time limit or "unavoidably prevented from the discovery of the evidence upon which he must rely," the trial court did not err in denying his motion for leave to file a delayed motion for a new trial, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and HORTON, J., concur.

————————